Nash, J.
 

 It is not denied, that the partition of the lands of Thomas Edwards among his heirs did take place, as set forth in the bill, and that lot No. 7 was assigned to the plaintiff’, Polly Sutton, and that lots Nos. 1,
 
 2,
 
 and 5, were severally assigned to Francis, Thomas and Cullen Edwards, and charged with the respective sums, as stated, to be paid to lot No. 7. It is further admitted, that Cullen subsequently purchased the shares of Franklin and Thomas, and, it is proved, sold his original lot No. 5, to the defendant, John Sugg. These were the only shares charged with the payment of money. The object of the bill is to compel a compliance with the judgment of partition by enforcing through a decree of this Court the payment of the money, or, in case the defendants object to that, to obtain partition now. When partition is made of land, held by tenants in common, according to the provisions of the Statute of
 
 1836
 
 — Rev.
 
 Stat. Ch.
 
 85,
 
 Sec.
 
 23—the money, which is assessed upon any lot to be paid to another to produce equality of value, is, by force of the Act, a chargb upon the land itself, and follows it into whosesoever hands it goes.
 
 Wynn S¡- wife
 
 v.
 
 Tunstatt,
 
 1 Dev. Eq. 28. The lien is a specific one upon the land. The defendants having agreed, that the partition heretofore made shall stand, the only question is, whether the sum assessed has been paid; if not, from whom it is to be raised?
 

 
 *428
 
 The defendants object to the relief, sought by the plaintiffs, on several grounds. The first is, that their claim is barred by the statute of limitations. The second, that the lapse of time raises the presumption of payment. The third, because the plaintiff, John Sutton, was their guardian, and took into his possession their land, and from the rents and profits he received and retained in his hands a sum, sufficient to pay off the charge upon it; and the fourth, that they are purchasers without notice.
 

 The fourth objection hath already been answered, in holding that the sums assessed are a charge upon the land. Neither can the first and second objections avail the defendants. There is no statutory limitation, as a bar, by which proceedings of this kind are governed.
 

 The presumption of payment, under the circumstances of this case, does not arise. By the Act of
 
 1801
 
 —Rev.
 
 St. Ch.
 
 85,
 
 Sec.
 
 3, 4—it is provided, that, when in partition of land, a lot, assigned to a minor, is charged with the payment of a sum of money, it shall not be payable, until the minor arrives at full age, unless the guardian shall have assets in his hands,'sufficient to discharge the lien. The Legislature did not intend the land should be sold to pay the money assessed on it, during the minority of the owner. The defendants say, they were minors, when the partition was made ; but they have failed to prove, when they were born, and, of course, when they came of age. There is, then, no point of time fixed by the evidence» when the presumption of payment could arise.
 

 It is in the third place objected by the defendants, that the plaintiff, John Sutton, as their guardian, had in his hands from the rents of their lands money, sufficient
 
 to.
 
 discharge the lien, and that he had retained it for that purpose.
 

 There is no evidence in the case, that John Sutton ever w'as appointed the guardian of Cullen and Francis, or ever acted as such. But th&re is evidence in the case, which -
 
 *429
 
 satisfactorily shows, that he was guardian of Thomas, A record is produced, which shows, that a suit was brought against him in the name of the State to the use of Thomas Edwards, which was finally disposed of at August Term 1841, of Lenoir County Court. In the progress of the suit, the accounts of the guardian were referred to two referees, who reported, that, upon stating his account, it was found that he owed the plaintiff $55 ; but that the plaintiff owed him for owelty of partition, in principal and interest, $231 98 ; and the jury, under the plea of payment, found a verdict for the defendant. So far, then, as lot No. 5 is concerned, the jury have found substantially in that case, that Thomas Edwards had paid the sum of $55, and no more, due upon it to the present plaintiff. No evidence, as before remarked, has been laid before the Court to show, that John Sutton ever was the guardian in fact or in law of Cullen and Francis, or that he had one cent of their property in his hands; so that he could not have been liable, even if it was shown he was their guardian. Such, probably, was the fact, but a Court of Equity is confined to the
 
 allegata etprobata
 
 of the case. A chancellor has no more authority to decide matters of fact, without evidence, than .has a jury.
 

 Finally, the defendants say and prove, that the plaintiffs, before the bringing this suit, had sold lot No. 7 to one Isaac Edwards, and have thereby debarred themselves from any right to claim the money, assessed to it in the partition. We have looked into the copy of the conveyance to Isaac Edwards, filed by the defendants. The deed is an ordinary conveyance of the
 
 land,
 
 described in it, with all the right and interest of the bargainors in and to it. Not a word is said of any interest, which they might have in lots Nos. 1, 2, and 5, being conveyed. That such owner might not part, by sale, wdth his land, the share allotted to him, and still retain his right to the mo-money, assessed to it, cannot be seriously pretended.
 

 
 *430
 
 The plaintiffs are entitled to have the former partition established, and to a decree for the payment of the sums charged and interest. As the former owners, in selling their shares, have not, as far as is shown, left in the hands of the purchasers any funds, with which the money, charged on their shares, might be paid, the decree must, in the first place, be against the original owners, and, if the money cannot be raised out of them, they are entitled to a decree against the land.
 

 And there must be a reference to the master to ascertain the sums due, in principal and interest, from the lots Nos. 1, 2, and 5, respectively.
 

 Per Curiam.
 

 Decree accordingly»