MARY RUFFIN v. S. P. COX and G. W. STANTON, Adm'r., &c.

Charges upon land, for equality of partition, follow the land into the hands of all persons to whom it may come; and they are held to be affected by constructive notice.

The widow of the party upon whose land the charge is placed, is not a necessary party to an action brought to recover the sum charged.

The dower in the land charged with the payment of a certain sum, cannot be called upon until it is ascertained that the remaining two-thirds and the reversion in the one-third assigned for dower, is insufficient to pay off the incumbrance.

(*Wynn* v. *Tunstall*, 1 Dev. Eq. 28; *Jones* v. *Sherrard*, 2 Dev. & Bat. Eq. 179; *Sutton* v. *Edwards*, 5 Ired. Eq. 425; *Christmas* v. *Mitchell*, 3 Ired. Eq. 536; *Aston* v. *Galloway*, *Ibid.* 126; *Caroon* v. *Cooper*, 63 N. C. Rep. 386; *Smith* v. *Gilmer*, 64 N. C. Rep. 546, cited and approved.)

CIVIL ACTION to recover $1,000, tried before his Honor *Judge Clarke*, at Spring Term, 1874, of the Superior Court of WILSON county, upon the following

#### CASE AGREED.

In the year 1854, H. J. G. Ruffin died in the county of Franklin, having made and published his last will and testament, which was duly admitted to probate in the Court of Pleas and Quarter Sessions of said county at its March Term, 1854, was recorded and the executor therein named qualified. That item 7 of said will was as follows:

(*Item* 7.) "I give and devise to my son, Dr. George W. Ruffin, the one-half part in value of my land and plantation lying and being in the county of Edgecombe, known as the 'Tossnot plantation,' to have and to hold to him and to his heirs forever. And I, considering the share of land hereby devised to him, will fall short of his proper proportion, by the sum of $1,000, I do hereby give to him the sum of $1,000, to be paid to him by my son Etheldred Ruffin, in the manner hereinafter provided for and directed."

Item 9 of said will is in the following words:

(*Item* 9.) "I give and devise to my son, Etheldred Ruffin, the one-half part in value of all my lands and plantations lying and being in the counties of Greene and Wayne, to have and to hold the same to him, the said Ethelred Ruffin, and his heirs forever. And I, considering the share herein given to him, will exceed his proper share by the sum of $1,000, do hereby direct that his share of said land shall be charged with the said sum of $1,000, which said sum of $1,000, he, the said Etheldred Ruffin is to pay to his brother, George W. Ruffin, said payment to be made within two years after my decease; and this said sum of $1,000 is to be charged on the share of his land herein devised to him, the said Etheldred Ruffin, until it is paid."

That said devisees, E. and George W. Ruffin, by virtue of said will, respectively took possession of the said shares of land so devised; and that the said Etheldred Ruffin died seized and posssessed of his said share thereof. That the said George W. Ruffin, a resident of the county of Wilson, died sometime during the year 186—, having made and published his last will and testament:

"*Franklin County, N. C.* I bequeath my entire estate, after the payment of my debts, to my mother, Mrs. Mary Ruffin, of Franklin county."

(Signed,)        "GEORGE W. RUFFIN," which said last will and testament was duly admitted to probate in the county of Wilson, the last place of residence of the said George W. Ruffin.

That W. K. Barham duly qualified as administrator, *cum testamento annexo* of the said George W. Ruffin, and duly assented to all the legacies contained in the said will.

That said Etheldred Ruffin died sometime in the year 186— intestate, and that George W. Stanton was duly appointed administrator of said E. Ruffin, by the County Court of Greene; that the said administrator filed his petition against the heirs of said Ruffin, for a sale of said land for assets, and obtained

a decree of sale and sold the same to Joshua Barnes and made title to him ; Barnes afterwards sold and conveyed the same to the defendant, S. P. Cox.   That neither Barnes nor Cox had actual notice of the said charge ; that the estate of the said E. Ruffin was and is largely insolvent ; and that he, the said E. Ruffin, left a widow who took dower in the said land.

The plaintiff, Mary Ruffin, is the legatee named in the will of said George W. Ruffin.   Two hundred dollars of the $1,000 has been paid.

Upon the foregoing statement of facts, his Honor was of opinion that the legacy of $1,000 was a charge upon the land devised to Etheldred Ruffin, by H. J. G. Ruffin ; that the defendant, Cox, purchased the said land with notice of the said charge and holds the same subject thereto.   Therefore judgment was entered by order of the Court in favor of the plaintiff and against the defendants.

From this judgment defendants appealed.

*Faircloth & Granger*, for appellants.
*Smith & Strong*, contra.

SETTLE, J.   By reference to the 7th and 9th items of the will of Henry J. G. Ruffin, it will be seen that he has charged the land devised to his son Ethelred with the payment of the sum of $1,000, in favor of his son George W., in terms too plain to admit of a doubt.   His language leaves no room for construction, but charges the land devised to Etheldred with $1,000, which sum the said Ethelred is to pay to his brother George W., within two years after the death of the testator ; and he repeats, " this said sum of $1,000 is to be charged on the share of his land, herein devised to him the said Etheldred Ruffin, until it is paid."   Then by reference to the will of the said George W. Ruffin, it will appear equally as clear that this charge on the land of his brother Etheldred, passed by said will to his mother, Mary Ruffin, the plaintiff, and that she is entitled to sue for and recover the same.   But it was insisted.

upon the argument that, as the defendant was a purchaser for full value and without notice, the plaintiff cannot follow the lands with this charge into his possession. The decisions of this Court establish the doctrine that charges upon land for equality of partition, follow the land into the hands of all persons to whom it may come; and they are held to be effected by constructive notice. *Wynn* v. *Tunstall,* Dev. Eq. 28; *Jones* v. *Sherrard,* 2 Dev. & Bat. Eq. 179; *Sutton* v. *Edwards,* 5 Ired. Eq. 425; *Christmas* v. *Mitchell,* 3 Ired. Eq. 536; *Aston* v. *Galloway,* 3 Ired. Eq. 125. And the same authorities hold that there is no bar, by statute of limitations or presumptions, in such cases.

But the defendant says that the widow of Etheldred Ruffin is a necessary party and that if he is to pay anthing she should be made to contribute out of her dower the rateable part of such recovery. The plaintiff may look to the land alone and need not trouble herself about other parties or other securities. But the law favors dower, and this Court has held, in *Caroon* v. *Cooper,* 63 N. C. Rep. 386, that the widow is entitled to have dower assigned out of the whole tract, and cannot be called upon until it is ascertained that the remaining two-thirds and the reversion in the one-third covered by her dower, is insufficient to pay off the incumbrance of the purchase money.

But the case of *Smith* v. *Gilmer,* 64 N. C. Rep., 546, is still more in point; there the testator had devised land to his son Wm. R. Smith, charged with the payment of $1,500 to W. M. Gilmer, his grand-son. Upon the death of the testator Wm. R. Smith took the land, *cum onere,* and upon the death of the said Wm. R. Smith his widow claimed dower, and this Court held that she took dower as her husband took the fee, *cum onere,* but was nevertheless entitled to have her dower exonerated in the manner pointed out in *Caroon* v. *Cooper, supra.*

Let it be certified that there is no error, to the end that the Superior Court may proceed according to law.

PER CURIAM.                           Judgment accordingly.