JOHN TURPIN v. JAMES KELLY and wife.

*Partition—Dividend, charge upon lot—Judgment—Execution.*

In partition, where one lot is charged with the payment of a sum of money, there is no law, (except the act in reference to minors, Bat. Rev. ch. 84 § 9) suspending the payment until the lot falls into possession ; and a decree confirming the report of commissioners in the proceeding is such a judgment as will warrant the court in issuing a *vend. ex.* against the lot charged.

(*Stewart* v. *Mizell*, 8 Ired. Eq. 242 ; *Mills* v. *Witherington*, 2 Dev. & Bat. 433, cited and approved.)

MOTION to issue execution heard on appeal at Chambers in Waynesville, Haywood county, on the 30th of July, 1881, before *Gudger, J.*

This was an application to the clerk of the superior court for Haywood county to issue a *venditioni exponas* to sell a lot of land which had been charged in a partition of lands in favor of a lot of less value for equality of partition. The clerk ordered the process to issue and the defendants appealed to the judge of the district, who heard the same by consent of counsel at chambers on the 30th day of July, 1881.

The facts are such as were agreed upon on the trial before His Honor or found by the clerk from the record on file in his office and the agreement of the parties.

They are as follows : A partition of the lands of the late Thomas S. Edwards were made by certain commissioners appointed by said clerk, among the heirs at law of said Edwards on the 8th day of January, 1875, and their report was confirmed by the clerk on the 25th day of October, 1875, and on the 2nd day of November, 1875, approved by the Hon. R. H. Cannon, judge of the then 12th judicial district. Lot No. 7 of said partition was assigned to H. J. Edwards, now the wife of the defendant James Kelly, and lot No. 8 was assigned to A. C. Edwards, the wife of one Shepherd. The

dower assigned to the widow of the said T. S. Edwards covered both of these lots, and lot No. 7 was charged with six hundred dollars in favor of lot No 8 to make them equal in value. Three hundred and forty-eight $\frac{8.0}{100}$ dollars of the said six hundred has been paid to the said A. C. Edwards. The plaintiffs are the assignees for value of the balance of the charge on lot No. 7, and said balance was $429.58 and due to John Turpin and G. S. Ferguson, plaintiffs, of which some $415.13 is principal and bears interest from the 25th day of February, 1881.

It is further agreed that Mrs. H. J. Kelly was a minor under the age of twenty-one years and unmarried at the time of the partition, and was represented in the proceedings for partition by a guardian regularly appointed, and that she came of the age of twenty-one years on the 5th day of May, 1877, and that while she was a minor she intermarried with the said James Kelly, and that the widow whose dower covers both lots, Nos. 7 and 8, is still living.

Upon this state of facts his Honor adjudged that the judgment and order of the clerk be in all things confirmed, and that John Turpin and G. S. Ferguson have a writ of *venditioni exponas* directed to the sheriff of Haywood county according to the tenor of their application. From this ruling the defendants appealed.

*Messrs. Gray & Stamps*, for plaintiffs.
*Mr. Fred. C. Fisher*, for defendants.

ASHE, J. The defendants insist that they are not bound to pay the charge until the land on which the charge was made comes into possession, and that they are not chargeable with interest until the said land comes into possession. And they further insist that the order of his Honor was erroneous, in that he ordered a *venditioni exponas* to issue when there was only a general decree of confirmation, which they contend is not a judgment.

We are not aware of any statute or principle of law which suspends the payment of a sum charged upon one lot in a partition in favor of another, until the lot upon which the charge is made falls into possession. That difficulty might possibly have been avoided when the petition for partition came to a hearing, by objecting to the partition of the land in reversion; but after the partition had been made and the report of the commi-sioners confirmed, it was conclusive upon the parties in respect to the thing in which they had, or admitted, or it was declared, they had an estate in common, and also in respect to the share to which each was entitled and to the parcel allotted to each as his share in severalty. *Stewart* v. *Mizell*, 8 Ired. Eq., 242, and *Mills* v. *Witherington*, 2 Dev. & Bat., 433.

The only suspension of the payment of the sum charged upon a lot for equality of partition is provided for in Bat. Rev., ch. 84, §9, which says: "When a minor to whom a more valuable dividend shall fall, is charged with the payment of any sum, the money shall not be payable until such minor arrives at the age of twenty-one years." The feme defendant in this case attained her majority on the 5th of May, 1877, and the sum charged on her share then became payable, but by the 8th section of that chapter, bore interest from the date of the confirmation of the report of the commissioners.

As to the last exception taken by the defendants, that the decree rendered by the clerk in the petition for partition, confirming the report of the commissioners, was not such a judgment as would warrant the court in issuing a *venditioni exponas*, we think it is untenable. The clerk did not profess to set forth a transcript of the record of the proceedings for partition, but in finding the facts states that it appeared from the records on file in his office and by the agreement of the parties, that the report of the commissioners had been confirmed by the clerk on the 25th of October, 1875, and by

26

Judge Cannon on the 2nd day of November, 1875. From this statement we must take it that the report was confirmed by a proper decree, under the maxim " *Omnia presumuntur rite acta esse.*"

There is no error. The judgment of the court must be affirmed. Let this be certified to the superior court of Haywood county.

No error.                                             Affirmed.