The plaintiff introduced in evidence a deed from the sheriff (445) of Rowan County to the plaintiff, executed 18 May, 1888, conveying to the plaintiff, the lands mentioned and described in the complaint, said deed having been duly probated and registered. The plaintiff then offered in evidence a report of commissioners who divided the land of Hugh Dobbin, deceased, among his heirs at law, by which *Page 355 
the lands mentioned and described in the complaint, lot No. 3, was set apart to Polly E. Dobbin, and for equality of division was to pay to the heirs of J. E. Dobbin, to whom was set apart lot No. 1, the sum of $158.34 1/2; lot No. 4, set off to Polly E. Dobbin, was to pay to said lot No. 1, $73.69. The plaintiff then introduced a venditioni exponas, under which the sheriff acted in making the sale of the lands to the plaintiff, and then showed in evidence the entire record of the partition proceedings in the cause of Hugh A. Dobbin and others, ex parte, by which it appeared that by a judgment of the Superior Court of Rowan County, it was declared that the sums charged upon lots Nos. 3 and 4 in favor of lot No. 1, as aforesaid, were liens upon lots 3 and 4, and that vend. ex. was ordered to be issued to sell said lots Nos. 3 and 4. That defendants, as will appear by said records, were parties to said partition proceedings, and to the judgment declaring said lien. The defendant showed in evidence the will of Hugh Dobbin, and then introduced as a witness the defendant, Geo. W. Rex, who testified that James and John Dobbin were dead; that they died intestate and without issue; that Nancy, Betsy and Polly Dobbin were daughters of Hugh Dobbin. The defendant then introduced the will of Betsy, or Elizabeth Dobbin, by which the land sued for was devised to Nancy and Polly, and the survivor of them, during their natural lives, with remainder to Elizabeth, daughter of Polly. Nancy Dobbin died in 1849; Polly died since the war. The defendant also put in evidence the will of Nancy Dobbin, by which she devised her real estate to Elizabeth, wife of George W. Rex. The defendant then introduced a deed from (446) Polly Dobbin to Elizabeth Rex, his late wife, conveying to her the land in dispute. The defendant married in January, 1850, and has been in possession of the land in dispute ever since that date. After the deed of Polly Dobbin to his, defendant's, wife he continued in possession of the land under that deed to the present time. Defendant also offered in evidence a judgment rendered upon a note given by Polly Dobbin for the amount of money which had been charged upon the lands assigned to Polly Dobbin by the commissioners in the partition proceedings aforesaid; and insisted that the effect of this note and judgment was to relieve the land in dispute of the lien. There was no evidence that said judgment had ever been paid. The defendant also insisted that the deed from Polly Dobbin to his late wife, Elizabeth, was color of title, and that his possession under said deed was adverse, open, notorious and continuous for a period of more than seven years, before the bringing of this action.
It was admitted by all parties that the title to the land was out of the State. *Page 356 
The court was of the opinion that the defendant was concluded and estopped by the proceedings before Judge Gilmer in the partition case of Hugh A. Dobbin and others, ex parte, and instructed the jury that, taking the plaintiff's evidence to be true, he was entitled to recover.
The defendant did not controvert the plaintiff's evidence, but excepted to the ruling of the court upon the note given by Polly Dobbin and the judgment thereon, and upon his plea of the statute of limitations.
There was a verdict and judgment for the plaintiff, from which the defendant appealed.
1. The contention of the defendant that the charge for owelty was discharged by the execution of a note for the same is without merit.
In Jones v. Sherrard, 2 D. B. Eq., 179, it was decided that in such cases the land is the debtor and the sole debtor, and that if a note is given by the owner to secure the charge, the land continues to be the primary debtor, and the note is only regarded as a collateral security.
Even if this were not so, the defendant could not now avail himself of such a defense, as he was a party to the motion in which it was adjudged, at November Term, 1883, of the Superior Court of Rowan County, that avenditioni exponas issue to sell the land for the payment of the said charge.
2. Neither can the statute of limitations avail the defendant. He claims under Polly Dobbin and took the land cum onere. Ruffin v. Cox, 71 N.C. 253. The judgment in 1883 declared that the charge still existed, and under that judgment there was a sale at which the plaintiff purchased. It is plain that there is no error in the ruling of his Honor.
No error.
Cited: Herman v. Watts, 107 N.C. 651; In re Walker, ibid., 342; Powellv. Weatherington, 124 N.C. 41; Wilson v. Lumber Co., 131 N.C. 167;Smith Ex parte, 134 N.C. 497. *Page 357 
(448)