N. M. DOBBIN v. GEORGE W. REX.

*Charge on Land for Equality of Partition—Not Discharged by Execution of Note—Sale Under Vend. Ex.—Parties—Statute of Limitations.*

1. A charge upon land for equality of partition is not discharged by the execution of a note for the same. The land remains the primary debtor.

2. A party to a proceeding in which a *venditioni exponas* is issued to sell land to pay a charge resting on it for equality of partition cannot contest the validity of a sale made under such *vend. ex.*

3. A party acquiring land on which a charge rests for equality of partition takes the same *cum onere*, and the statute of limitations cannot avail him as against a purchaser at a sale made under a *venditioni exponas*, duly ordered in the partition proceedings.

This was an action to recover land, tried before *Merrimon.*, J., at August Term, 1889, of the Superior Court of Rowan County.

The plaintiff introduced in evidence a deed from the
Sheriff of Rowan County to the plaintiff, executed the 18th
day of May, 1888, conveying to the plaintiff the lands men-
tioned and described in the complaint, said deed having
been duly probated and registered.    The plaintiff then
offered in evidence a report of commissioners who divided
the land of Hugh Dobbin, deceased, among his heirs at law,
by which the lands mentioned and described in the com-
plaint, lot No. 3, was set apart to Polly E. Dobbin, and for
equality of division was to pay to the heirs of J. E. Dobbin,
to whom was set apart lot No. 1, the sum of $158.34½; lot
No. 4, set off to Polly E. Dobbin, was to pay to said lot No.
1 $73.69.   The plaintiff then introduced a *venditioni exponas*,
under which the Sheriff acted in making the sale of the
lands to the plaintiff, and then showed in evidence the entire
record of the partition proceedings in the cause of Hugh A.
Dobbin and others, *ex parte*, by which it appeared that by a
judgment of the Superior Court of Rowan County, it was
declared that the sums charged upon lots No. 3 and 4 in
favor of lot No. 1, as aforesaid, were liens upon lots 3 and 4,
and that a *vend. ex.* was ordered to be issued to sell said lots
No. 3 and 4.   The defendants, as will appear by said records,
were parties to said partition proceedings, and to the judg-
ment declaring said lien.   The defendant showed in evidence
the will of Hugh Dobbin, and then introduced as a witness
the defendant, Geo. W. Rex, who testified that James and John
Dobbin were dead; that they died intestate and without issue;
that Nancy, Betsy and Polly Dobbin were daughters of Hugh
Dobbin.   The defendant then introduced the will of Betsy,
or Elizabeth Dobbin, by which the land sued for was devised
to Nancy and Polly, and the survivor of them, during their
natural lives, with remainder to Elizabeth, daughter of Polly.
Nancy Dobbin died in 1849; Polly died since the war.   The
defendant also put in evidence the will of Nancy Dobbin,
by which she devised her real estate to Elizabeth, wife of

George W. Rex. The defendant then introduced a deed from Polly Dobbin to Elizabeth Rex, his late wife, conveying to her the land in dispute. The defendant married in January, 1850, and has been in possession of the land in dispute ever since that date. After the deed of Polly Dobbin to his, defendant's wife, he continued in possession of the land under that deed to the present time. Defendant also offered in evidence a judgment rendered upon a note given by Polly Dobbin for the amount of money which had been charged upon the lands assigned to Polly Dobbin by the commissioners in the partition proceedings aforesaid, and insisted that the effect of this note and judgment was to relieve the land in dispute of the lien. There was no evidence that said judgment had ever been paid. The defendant also insisted that the deed from Polly Dobbin to his late wife, Elizabeth, was color of title, and that his possession under said deed was adverse, open, notorious and continuous for a period of more than seven years, before the bringing of this action.

It was admitted by all parties that the title to the land was out of the State.

The Court was of the opinion that the defendant was concluded and estopped by the proceedings before Judge Gilmer in the partition case of Hugh A. Dobbin and others, *ex parte*, and instructed the jury that, taking the plaintiff's evidence to be true, he was entitled to recover.

The defendant did not controvert the plaintiff's evidence, but excepted to the ruling of the Court upon the note given by Polly Dobbin and the judgment thereon; and upon his plea of the statute of limitations.

There was a verdict and judgment for the plaintiff, from which the defendant appealed.

*Mr. T. F. Klutz*, for the plaintiff. (*Messrs. Craig & Clement* filed a brief).
*Mr. L. S. Overman*, for the defendant.

DOBBIN *v.* REX.

SHEPHERD, J.: 1. The contention of the defendant that the charge for owelty was discharged by the execution of a note for the same is without merit.

In *Jones* v. *Sherrard*, 2 D. & B. Eq., 179, it was decided that in such cases the land is the debtor and the sole debtor, and that if a note is given by the owner to secure the charge, the land continues to be the primary debtor, and the note is only regarded as a collateral security.

Even if this were not so, the defendant could not now avail himself of such a defence, as he was a party to the motion in which it was adjudged, at November Term, 1883, of the Superior Court of Rowan Court, that a *venditioni exponas* issue to sell the land for the payment of the said charge.

2. Neither can the statute of limitations avail the defendant. He claims under Polly Dobbin and took the land *cum onere*. *Ruffin* v. *Cox*, 71 N. C., 253. The judgment in 1883 declared that the charge still existed, and under that judgment there was a sale at which the plaintiff purchased. It is plain that there is no error in the ruling of his Honor.

No error.