JOHN WALKER et al., ex parte.

*Partition — Charge Against More Valuable Shares — Bankruptcy — Statute of Limitation — Statute of Presumption — Tenants in Common.*

1. A discharge in bankruptcy does not cancel the charge of owelty of partition against the land of the bankrupt.

2. Where the decree creating the charge was entered in 1867: *It was held*, that there is no statute of limitations applicable as a bar.

3. The statute (Rev. Code, ch. 65, § 18) which declares judgments, decrees, etc., shall be *presumed* to be satisfied within ten years, is not conclusive.   The Court found as a fact that the charge had not been satisfied.

4. The charge in partition upon the more valuable shares is not a mere debt secured by lien.   The debtor is tenant in common with the holder of the share in whose favor the decree is entered to the extent of the charge, until the same shall be satisfied.

This was a Motion in the cause, heard at Fall Term, 1890, of ROBESON Superior Court, by *Graves, J.*

It appears that in 1867, at the May Term of the late Court of Pleas and Quarter Sessions in and for the county of Robeson, an *ex parte* petition was filed in that Court by John Walker and others, to obtain partition of the land in the

petition specified among the petitioners according to their respective rights.

Partition of the land was made, and such proceedings were had in the matter as that a final judgment was rendered confirming the report of the commissioners appointed to make partition of the land filed in the case. By the report and judgment thereupon, lot No. 5 of the division was allotted to A. M. Cobb and his wife Flora C., in severalty; and lot No. 3 thereof was allotted in severalty to John Walker, and this lot of land, a more valuable dividend, was charged with the sum of $236 in favor of, and to be paid to, the less valuable dividend No 5, above mentioned and it also appears that such sum of money so charged has not been paid. At the Fall Term, 1890, of the Superior Court of the county above named, the said Cobb and wife moved for a writ of *venditioni exponas*, the purpose being to sell the said lot No. 3 to pay the sum of money so charged upon it.

It further appears, that, after such partition was made, the said John Walker, to whom the said lot No. 3 was allotted, was duly adjudged a bankrupt in the District Court of the United States in and for the District of Cape Fear, in North Carolina, and that, regularly, he obtained a discharge in bankruptcy, dated the 14th of October, 1871, as allowed by the bankrupt laws of the United States then in force. Afterwards, in 1872, the said John Walker died intestate, leaving surviving him his widow and others, his children, his heirs at law, who oppose the motion mentioned of the said Cobb and wife, claiming and insisting that the said charge upon the lot No. 3 was embraced by the discharge in bankruptcy of the intestate; that more than ten years have elapsed since the said charge was created and began to be efficient, and the right of the appellees is, therefore, barred by the statute of limitation applicable, and, also, that more than ten years having elapsed since the said charge was created and had

effect, the statute applicable raises the *presumption* that the same has been paid and discharged.

Upon the above state of facts, the Court was of opinion and adjudged that the said Cobb and wife were entitled to the writ prayed for by them, and ordered that the same be issued. The heirs at law of the said John Walker, appearing and opposing the motion for the writ, excepted to the decision and order of the Court, and appealed.

*Mr. William Black*, for appellants.
*Mr. T. A. McNeill, contra.*

MERRIMON, C. J.—after stating the facts: It is not questioned that such title to the land designated as lot No. 3 as John Walker, the bankrupt, had, passed to the assignee in bankruptcy. But how such title in the latter passed from him to Walker, does not appear. It may be that he purchased the same from the purchaser at the sale thereof by the assignee. It, however, appears from the allegations of the appellee that Walker owned the land, in some sense, at the time of his death; that it descended to the appellants, his heirs at law, and they are now in possession thereof and resist the appellee's motion.

The decree of partition which created the charge in question was entered in 1867, and might, so far as appears, have been enforced at any time thereafter. Hence, if the charge be treated as one that could be affected at all by the lapse of time, it was not subject to the present, or any former, statute of limitation. The present statute does not apply to cases where the right of action accrued before the 24th day of August, 1868. The statutes prevailing before that time apply in such and appropriate cases. *The Code*, § 136. There was no statute of limitation that could bar the appellee's right. *Sutton* v. *Edwards*, 5 Ired. Eq., 425; *Ruffin* v. *Cox*, 71 N. C., 253; *Dobbin* v. *Rex*, 106 N. C., 444.

*In re* WALKER.

If it be granted that the statute (Revised Code, ch. 65, § 18), which declares that judgments, decrees, contracts and agreements shall be presumed to be paid, or satisfied "within ten years after the right of action on the same accrued," could apply in cases like the present one, it cannot help the appellants, because the Court below found the fact to be that the charge upon the land had not been paid or satisfied, and thus the presumption raised by the statute was rebutted. The presumption was not conclusive; it might be rebutted by any pertinent proof, and it must be taken that there was such proof, as there is no complaint of the finding of fact by the Court.

In our judgment, the proceedings and discharge in bankruptcy, relied upon by the appellants, did not embrace, discharge, or at all affect the charge upon the land in question, or the right of the appellees to enforce the same, as they now ask to be allowed to do. The charge was not a debt against the bankrupt and provable in bankruptcy against his assets in the hands of the assignee. It was a legal charge upon the land, not created by the contract of the parties, and charging one with a debt in favor of the other, but by the law. It was the debt, in contemplation of law, of the land charged, going to the dividend of land of less value, and for which the owner of the dividend of greater value was not personally responsible. The land alone was responsible, and the title to the dividend of greater value did not vest completely in him to whom the same was allotted until that dividend had paid the charge upon it to the dividend of less value, and, till then, the partition was not complete. Such condition of incompleteness ran with and affected the title to the land, no matter who might come to be the owner of it. Perforce of the statute, the dividend of less value shared in the title of the dividend of greater value—had more than a mere lien upon the land—and this interest accrued and belonged to the appellees until the charge should be extinguished.

This seems to be the purpose of the statute (*The Code*, §§ 1894, 1896), and this Court has so, certainly in effect, uniformly interpreted it. *Wynne* v. *Tunstall*, 1 Dev. Eq., 23; *Jones* v. *Sherrard*, 2 Dev. & Bat. Eq., 179; *Sutton* v. *Edwards, supra; Ruffin* v. *Cox, supra.* Nor did the appellees have a debt against the bankrupt secured by a mere lien or mortgage, or one that created an incumbrance on the bankrupt's land, in the sense of the statute of the United States in respect to bankruptcy. This is so, because, as we have said, the charge on the land was a debt, so made by statute, due from it to the dividend of land of less value allotted to the appellees, and the partition was not complete, nor did the title vest in severalty in him to whom the dividend of larger value was allotted, until the charge should be extinguished. Walker, the ancestor of the appellants, did not have the title in severalty to the land, because he failed to extinguish the charge upon it. Moreover, the charge was not a debt due to the appellees secured by a mere lien. In contemplation of the statute, they were tenants in common with John Walker, the bankrupt, to the extent of the charge, until the same should be, in some way, discharged; and the appellees had the right, under the statute, to have it discharged, when they might see fit to do so, by a sale of the land, and they could not do so otherwise. The Court of Bankruptcy could not take notice, or take jurisdiction, of such charge, because, in contemplation of the statute, it was not a debt of the bankrupt, nor was it a lien upon his land in favor of his creditors, enforceable in the Bankrupt Court.

Judgment affirmed.