WILSON A. HERMAN et al. v. CANDAN E. WATTS.

*Owelty of Partition—Statute of Presumptions—Limitations—
Motion in the Cause—Venditioni Exponas—The Code—Final
Judgment.*

1. A decree in proceedings for partition had in 1861, adjudging owelty of
   partition against certain shares of the land divided, is subject to
   the statute of presumptions (Rev. Code, ch. 65, § 18), providing
   that "the presumption of payment, satisfaction of all judgments,
   decrees," etc.,    *    *    *    "shall arise within ten years after the
   right of action shall have accrued."

2. The proper remedy to enforce such charges is by writ of *venditioni
   exponas* granted upon motion or petition in the original proceed-
   ings, and a new action begun should be dismissed, unless in possi-
   ble cases involving complicated litigation.

3. *The Code*, § 944, gives "any party interested" the right to have pro-
   ceedings lately pending in the Courts of Equity and Pleas and
   Quarter Sessions, and not *determined* by final judgment, trans-
   ferred to the Superior Court.

4. The judgment or decree was final, but the proceedings had not been
   determined because the judgment had never been enforced.

This was a CIVIL ACTION, tried at the Fall Term, 1890, of
ALEXANDER Superior Court, before *Connor, J.*

It appears that David F. Herman, his three brothers and
sister, were tenants in common of the land in question, and
other lands; that the same were duly partitioned among
them under proper proceedings had in the Court of Pleas
and Quarter Sessions in and for the county of Alexander in
the latter part of the year 1861; that the land was divided
into five parts; that lot No. 1 was allotted to David F. Her-
man, and valued at $2,700; that this lot was charged with
$360 in favor of lot No. 3, which was allotted to William
Herman, and also with $434 in favor of lot No. 4, which
was allotted to Leander Herman; that afterwards William
Herman died intestate and without issue, never having been

married; that his said brothers and sister were his heirs at law, and shared equally in the charge in favor of lot No. 3, allotted to him in his life-time; that afterwards the said David F. Herman died, having first made his will (which was duly proven) in which he devised the lot No. 1, so allotted to him in his life-time, to the defendant Watts, who was his wife and surviving widow, and who afterwards intermarried with Reuben Watts, who afterwards died; that afterwards Leander Herman died intestate, never having been married, and his surviving brothers and sister, and the only daughter of his deceased brother, David F. Herman, were his heirs at law, and shared equally in the charge upon the said lot No. 1 in favor of said lot No. 4.

This action is brought by one of the surviving brothers of the said David F. Herman, and by the surviving sister, against the defendant, who was the widow of the said David, and to whom he devised the land designated as lot No. 1. It is alleged substantially as above stated, that the charge of $360 and $434 on the last mentioned lot No. 1 have never been paid; that the same is now a charge upon the land, and the plaintiffs demand that their respective shares specified of such charge shall be paid by or before a day to be specified, and if not so paid, then that the land shall be sold, &c.

The defendant alleges and pleads that the said charge upon the land was actually and fully paid and discharged by her said first husband, David F. Herman, in his life-time. She further pleads that, more than twenty-eight years having elapsed since the plaintiffs' alleged cause of action arose, the same is conclusively presumed to be paid, and she further pleads that more than ten years have elapsed since the final judgment and decree in the said partition proceedings, whereby the charge was established, and that the same is, therefore, presumed to be paid, &c.

The defendant moved to dismiss this action, upon the ground that the plaintiffs' remedy was by motion for a *venditioni exponas* in the partition proceedings now in the Superior Court of the county of Alexander. The Court denied the motion, and the defendant excepted.

The defendant, among other things, relied upon the plea of payment and the presumption of payment, &c. The Court declined to submit any issue involving the presumption of payment of the charge upon the land, &c., or to instruct the jury in that respect, and the defendant excepted.

There was a verdict and judgment for the plaintiffs, and the defendant appealed to this Court.

*Messrs. Jones & Kerner* (by brief), *A. C. McIntosh* and *D. M. Furches*, for the plaintiffs.

*Messrs. R. B. Burke* (by brief) and *R. Z. Linney*, for defendant.

MERRIMON, C. J.—after stating the facts: The decree of the late Court of Pleas and Quarter Sessions, in the proceedings for partition mentioned, charged the more valuable dividend of land designated as No. 1, and allotted to David F. Herman, with the sum of money specified in favor of the dividend of inferior value designated as lot No. 3, and allotted to William Herman; and likewise with the other sum of money specified in favor of the other dividend of inferior value, designated as lot No. 4, and allotted to Leander Herman. The sums so charged were, in effect, debts due from the dividend—the land itself—of greater value in favor of the other dividends respectively of inferior value, and the dividend so charged was alone liable for such debt; the person to whom it was allotted in the partition was not liable personally for the same, but the charge directly affected his property, and he was interested to see that the sums charged were paid to the dividends of inferior value, so as that the

charge upon his land might be extinguished. And so, also, the charges were in favor of the dividends of less value mentioned, but for the benefit of the persons respectively to whom such inferior dividends were allotted. They were entitled to have the money so charged, and to enforce the payment by writ of *venditioni exponas,* or in some other appropriate way. There was, therefore, a decree of the Court directing the payment of the sums of money specified to be levied out of the dividend of land of superior value, if the money should not be paid by the owner thereof to the persons—the owners of the dividends of inferior value. The decree directed the payment of money to be levied out of the land upon which it was a charge of one party to the decree, if the money shall not be paid by him to another party to the decree entitled to have it, and so entitled by virtue of the decree.

The persons under whom the plaintiffs claim, and whom they represent, were parties to and entitled to have the sums of money specified in the decree mentioned, and they, respectively, might have enforced their right in the way designated while they lived, and the plaintiffs, succeeding to their rights in part, might have enforced the same as to themselves after they died. They were directly interested in the decree, and having it enforced according to law and the money due them under it paid.

The decree, therefore, comes within the statute applicable (Rev. Code, ch. 65, § 18), which provides that "the presumption of payment, satisfaction on all judgments, decrees, contracts and agreements had or made shall arise within ten years after the right of action of the same shall have accrued, under the same rules which now prevail." The decree in question might have been enforced at any time next after the term of the Court at which it was granted and entered. Nothing appears to the contrary. Excluding, as required by the statute (*The Code,* § 137), the time that elapsed next

after the decree prior to the first day of January, 1870, much more than ten years elapsed after the last-mentioned day before the present action began. The statute above recited, therefore, raised the *presumption* that the decree as to the sums of money charged upon the dividend of land No. 1 owned by the defendant had been paid or satisfied. Such presumption was not conclusive. The plaintiffs had the right to prove the contrary, but the burden of proof was upon them. Hence, the Court should have instructed the jury that, as it appeared that more than ten years had so elapsed, the presumption was that the decree had been paid or satisfied as to the sums of money claimed under and by virtue of it, unless the plaintiffs should show the contrary.

It was insisted for the plaintiffs that the statute of presumption of payment above applied does not refer to or embrace decrees of partition and charges upon the land for equality, and *Ruffin* v. *Cox*, 71 N. C., 253, was cited as authority in support of that contention. That case does not so decide. In the course of the opinion it was said *obiter:* "And the same authorities" (those there cited) "hold that there is no bar by the statute of limitations or presumptions in such cases"—that is, as to charges upon land to make equality in partition. But the cases cited do not decide that the statute of presumption of payment does not apply, but they—some of them—simply decide, and very properly, that the statute of limitations does not apply in such cases. Clearly, at the time these decisions were made, there was no statute of limitations applicable in such cases. Although it has not been expressly decided in any case within our knowledge that the statute of presumption of payment applied, it was strongly implied in *Sutton* v. *Edwards*, 5 Ired. Eq., 425, that it did. In that case it was expressly held that the statute of limitations did not apply, but NASH, J., said: "The presumption of payment, under the circumstances of the case, does not arise. * * * There is, then, no point

of time fixed by the evidence when the presumption of payment could arise." In *Walker ex parte*, decided at the present term, we have decided that the statute of presumption of payment there invoked was rebutted. The Court found as a fact that the charge upon the land had not been paid. The statute is broad and comprehensive in its terms and purpose, and we can see no just reason why it should not apply to decrees directing the payment of money in making equality in partition cases. Indeed, there are obvious reasons of justice and policy strongly suggesting that it should.

Whatever may have been the method of procedure and practice in enforcing the charge of money upon the dividend of land of superior value to make equality in partition cases in the distant past, it is well settled, under the present method of civil procedure, that it should be done by the writ of *venditioni exponas*, granted upon application, by motion or petition in the proceeding made by the party, or parties, interested. Such method is orderly, prompt and economical, and should be observed, unless in possible cases involving complicated litigation. *Waring* v. *Wadsworth*, 80 N. C., 345; *Halso* v. *Cole*, 82 F. C., 161; *Turpin* v. *Kelly*, 85 N. C., 399; *Dobbin* v. *Rex*, 106 N. C., 444; *Myers* v. *Rice*, and *Walker ex parte*, decided at the present term.

The records and papers of all actions and proceedings of the late Court of Pleas and Quarter Sessions of the county of Alexander, when the Court was abolished were, by statutory provision, required to be deposited in the Superior Court of that county, and the statute (*The Code*, § 944) provides that "all suits, petitions and other proceedings pending in the late Courts of Equity and the late Courts of Pleas and Quarter Sessions, and not determined by final judgment or decree, and all cases wherein any act was decreed to be done, or deed to be executed, and said act was not done nor deed executed, may be transferred to the

Superior Court of the county in which they were pending, at the instance of the party interested.  And said Superior Court shall have power to make all orders, judgments and decrees as shall be necessary for final adjudicating and settling the same."  The purpose of this statutory provision was to embrace cases like the present one.  The plaintiffs, seeing that the decree had not been performed in respect to the charges upon the land, should have made summary application to the Court to have the partition proceedings transferred to the Superior Court—that is, to have the same brought forward and docketed in the Superior Court, and then have moved, upon notice to the defendant, for the writ of *venditioni exponas*.  Upon the motion, the issue as to payment could have been raised easily, as in case of a motion for execution upon a judgment that has become dormant, and the judgment debtor alleges that the judgment has been paid, or raises any other proper defence.  The present method of civil procedure does not tolerate, much less encourage, unnecessary actions.  *Long* v. *Jarratt*, 94 N. C., 443; *Knott* v. *Taylor*, 99 N. C., 511; *Wilson* v. *Chichester*, decided at this term, and the cases there cited.

The counsel for the plaintiffs insisted that the partition proceeding was ended—that a final judgment therein had been entered, and, therefore, the plaintiff could not have the remedy by motion therein.  It is true that the rights of the parties had been settled, and the merits of the subject-matter of the proceeding had been determined by a final decree, and no motion could be entered now to disturb that decree, unless for irregularity, but the final decree had not been enforced, and it was orderly and proper to take any appropriate steps in the proceedings subsequent to that decree to enforce it.  This is always done when need be.  The final judgment must be enforced, ordinarily, in the proceeding or action, certainly in partition proceedings.

We are, therefore, of opinion that the action should have been dismissed, and that the Court erred in denying the motion to dismiss the same. To the end that the judgment may be reversed, and the motion to, dismiss the action allowed, let this opinion be certified to the Superior Court

Error.