IN RE AUSBORN et al.

(Decided February 22d, 1898.)

*Partition—Owelty—Statute of Limitations—Execution
—Practice.*

1. The statute of limitations does not run against a charge upon land for owelty of partition.

2. An execution will not be allowed to issue to satisfy a charge upon land in partition proceedings until the confirmation of the commissioners' report.

MOTION before the Clerk of the Superior Court of WASHINGTON County for execution against J. H. Hoff

to enforce the payment of a charge on land in Hoff's possession alleged to have been made against it in favor of a parcel of land allotted to plaintiffs in partition proceeding. The motion was refused by the Clerk whose ruling was reversed by his Honor, *Brown, J.*, at CHAMBERS, and the defendant Hoff appealed.

*Mr. H. S. Ward*, for plaintiff.
*Mr. A. O. Gaylord*, for J. H. Hoff (appellant).

MONTGOMERY, J.: The plaintiffs served a notice on the defendant on the 8th of November, 1897, that he show cause why *venditioni exponas* should not issue against a tract of land in his possession to satisfy a charge upon it in favor of the plaintiff. The notice was based upon the following facts alleged: That about the year 1881, in the Probate Court of Washington County, proceedings were begun by the heirs at law of Allen F. Ausborn and the plaintiffs, the latter representing their deceased father who was one of the heirs, to have partition made of a tract of land belonging to the intestate; that, under the proceedings, commissioners were appointed by the Court to make partition of the land; that the commissioners actually made partition between the parties and made report thereof to the Court; that lot No. 2 in the partition fell to the share of the plaintiffs, and lot No. 5 to the share of W. F. and W. C. Ausborn, lot No. 5 being charged with the sum of $88 in favor of lot No. 2; that W. F. and W. C. Ausborn afterwards conveyed their lot to the defendant, the deed recognizing the partition and the grantee promising to pay the charge "if it is lawful to be paid."

The defendant on the return of the notice admitted the facts alleged.

All of the original papers in the cause have been lost except the report of the commissioners.

The defendant contended that the charge could not be enforced against his land because of the bar of the Statute of Limitations; that no decree was ever made confirming the report of the commissioners, and that the charge passed to the purchaser of Lot No. 2, which had been sold by the administrator of the father of the plaintiffs, who was one of the heirs at law of Allen Ausborn at the time of his death. The motion for leave to issue execution was denied by the Clerk. On the appeal, his Honor overruled the Clerk's action, and ordered the Clerk of the Superior Court to issue the execution. His Honor ruled correctly in holding that the charge was not barred by the Statute of Limitations. *Walker ex parte*, 107 N. C., 340; *Sutton* v. *Edwards*, 40 N. C., 425. Indeed, he committed no error in overruling the numerous exceptions of the defendant except in ordering the issuing of the execution by the Clerk. There had been no decree of confirmation of the report and hence no execution could be issued in the cause. The plaintiffs might have moved in the cause for a decree of confirmation of the report, *nunc pro tunc*, and, upon the entry of the decree, have issued the execution.

We do not see why that course may not yet be pursued.

Error.