## WILSON v. BEAUFORT COUNTY LUMBER COMPANY.

(Filed October 14, 1902.)

1. APPEAL—*Exceptions and Objections—The Code, Sec. 550.*

   An appeal is in itself an exception to a judgment.

2. APPEAL—*Exceptions and Objections—Trial—The Code, Sec. 513.*

   Where there is objection to evidence, or any other matter occurring at the trial, except as to the charge, a specific exception must always be taken at the time.

3. EXCEPTIONS AND OBJECTIONS—*Appeal—Trial—Instructions.*

   A "broadside exception" to the charge as given will be disregarded.

4. APPEAL—*Exceptions and Objections—The Code, Sec. 957.*

   The supreme court will take notice of errors on the face of the record proper without any assignment of error.

5. JUDGMENTS—*Judgment Docket—Minute Docket—Lien—The Code, Sec. 435.*

   Where a judgment for damages and costs is recorded on the minute docket, but the judgment docket omits the judgment for damages, no lien is thereby created by the judgment for damages, though the judgment docket refers to the minute docket.

6. JUDGMENTS—*Homestead—Lien—Limitations of Actions.*

   Under a statute limiting the life of a docketed judgment to ten years, a lien of such judgment is not prolonged by the allotment and recording of the homestead to the debtor after the expiration of ten years, though the judgment was kept revived.

7. JUDGMENTS—*Lien—Costs.*

   Each of two separate parcels of land owned by a judgment debtor at the time of the docketing of the judgment is liable for its own proportion of the docketed judgment in whosesoever hands it may come.

AN ACTION by Louis Wilson and others against the Beaufort Lumber Company and others, heard by Judge *Francis*

*D. Winston,* at March Term, 1902, of the Superior Court of PITT County. From a judgment for the plaintiffs, they appealed.

*Skinner &. Whedbee,* for the plaintiffs.
*Flemming & Moore,* for the defendants.

CLARK, J. A jury trial having been waived, the facts were found by the Court. From the judgment rendered thereon, the plaintiffs appealed. There is no exception, and none is necessary, the appeal being of itself an exception to a judgment. *Murray v. Southerland,* 125 N. C., 175; *Delozier v. Bird,* 123 N. C., 689; *Reade v. Street,* 122 N. C., 301; *Appomattox Co. v. Buffaloe,* 121 N. C., 37; *Thornton v. Brady,* 100 N. C., 38; Clark's Code, 3d Ed., page 772; The Code, Sec. 550.

Where there is objection to the evidence, to the charge or any other matter occurring on the trial, an exception must always be specifically taken; The Code, Sec. 550, and cases cited in Clark's Code (3d Ed.), pages 772-774; and except as to the charge such specific exception must be taken at the time. *State v. Downs,* 118 N. C., 1242, and cases cited; Clark's Code (3d Ed.), page 509. A "broad-side exception" to such matters can not be noticed. Clark's Code (3d Ed.), 513.

By virtue of The Code, Sec. 412 (3), an exception to the charge can be taken for the first time in the appellant's statement of the case on appeal, though it must be specific and not "broadside." *Lowe v. Elliott,* 107 N. C., 718; *Taylor v. Plummer,* 105 N. C., 56, and numerous cases collected in Clark's Code (3d Ed.), pages 513 and 773.

But as to errors upon the face of the record proper, such as defects in the summons, pleadings and judgment, the appellate Court is required to take notice of these without assignment of error, by The Code, Sec. 957. The distinction is clearly pointed out in *Thornton v. Brady,* 100 N. C., 38, and

in numerous cases since, collected in Clark's Code (3d Ed.), at pages 772, 800, 924. Errors in the face of the record proper are necessarily either (1) that the Court has not jurisdiction, or (2) that the complaint (or indictment) does not state a cause of action, as to both of which Rule 27 of this Court states that the Court will take notice *ex mero motu* without assignment of error; or (3) that the facts found, whether by general verdict or special verdict, or by the Judge, or by consent, do not justify the judgment imposed. Clark's Code (3d Ed.), pages 920-924.

The Court (a jury having been waived) found as facts that at June Term, 1889, of Pitt Superior Court judgment was rendered in favor of the plaintiffs against Lizzina Wilson for $225, for mesne profits and for partition, and $50.19 costs, and said judgment was recorded in full on the minute docket, but in the judgment as docketed and duly indexed at that term, the $225 was omitted from said docketing; and that about 1 December, 1898, this omitted part of the judgment was placed on the docket at the request of the plaintiffs, but without notice to the defendants, by the Clerk, after the expiration of his term of office. The docketed judgment, however, contained the following: "For decree, see Minutes No. 5, pages 619-623," and the decree there copied in full embraced the $225 recovery. It is further found as a fact that in June, 1889, at the time the above judgment was docketed, Lizzina Wilson owned in fee two tracts, one containing sixty acres, which was worth, 1 March, 1902, $300, and the other, containing sixty-six and two-thirds acres worth, 1 March, 1902, $800; that on 12 April, 1894, said Lizzina Wilson conveyed, for $135, the timber on the sixty-acre tract to the Beaufort Lumber Company, and thereafter conveyed the fee of said tract (subject to above conveyance of the timber) to the defendants, her son, Geo. W. Wilson, and grandson, John W. Wilson, without consideration; that on 18 December,

1890, she conveyed the sixty-six-two-thirds-acre tract, without consideration, to her son McD. Wilson, who, on 25 December, 1896, conveyed the same for value to the *feme* plaintiffs, who are her daughters, and who are now the owners thereof; that on 25 May, 1899, notice was issued to Lizzina Wilson for revival of said judgment, and execution was issued thereon 26 May, 1899, and the homestead was allotted out of these lands, but the allotment was not recorded till after the expiration of ten years from the date of docketing said judgment. On 7 June, 1901, after the answer in this case had been filed, the plaintiffs entered a release of the lien of said docketed judgment as to the 66 2-3-acre tract.

His Honor correctly held that the judgment was not a lien for the $225, that part of the judgment not having been docketed. The Code, 435. The reference to the minute docket was sufficient notice to put a purchaser on guard as to the nature thereof, as to matters which did not "affect the title or direct the payment of money." But a money judgment can not be made a lien unless set out in the docketing thereof, which is required for this very purpose of guarding against liens, unless entered on the docket. In *Holman v. Miller,* 103 N. C., at page 120, it is said: "It is very clear that unless the judgment is docketed *upon this particular docket,* there can be no lien by virtue of the judgment alone," and in *Dewey v. Sugg,* 109 N. C., at page 335, 14 L. R. A., 393, Merrimon, C. J., says: "A docketed judgment *creates and secures* a lien upon the judgment debtor's land. But a judgment, in order to create such lien, must be docketed in the way and manner above pointed out, otherwise the judgment is not docketed, and no such or any lien arises," citing authorities.

The judgment was docketed in 1889, and no allotment of homestead having been made till after the ten years had expired, there was no suspension of the statute of limitations,

and the lien of the judgment having expired, could not be revived by its allotment after that time. The execution issued on the revived judgment, has lien only from its levy, and by virtue of the levy, and not by virtue of his docketing the judgment in 1889. *Spicer v. Gambill,* 93 N. C., 378; *Pipkin v. Adams,* 114 N. C., 201; *McCaskill v. Graham,* 121 N. C., 190. The defendants, the lumber company, having acquired title for value prior to the levy of such execution, the lands in their hands would not ordinarily be subjected. Whether this, being a judgment for costs in partition, is a judgment *in rem* as to which no statute runs, *Dobbin v. Rex,* 106 N. C., 444; *In re Walker,* 107 N. C., 340, we are not called upon to decide, as the defendants did not appeal, but if it is, his Honor correctly adjudged that defendants pay only three-elevenths of the costs, for each tract should bear its own proportion. *Hinnant v. Wilder,* 122 N. C., 149. That case holds also that no homestead could be allotted against the judgment for costs in partition. The plaintiffs could not transfer the lien on their own tract to the defendants' by an entry in their own favor on the judgment docket. The $225 part of the judgment was not for equality for partition, but a mere personal judgment incidentally annexed for *mesne* profits, and no lien ever attached as above stated, by reason of its having been omitted from the docketing of the judgment.

No Error.