This is a motion in a partition proceeding, formerly pending in the court of pleas and quarter sessions, to docket the same, and for leave to issue execution upon a judgment therein rendered, which charged one of the tracts of land with a sum of money to be paid to another tract for the purpose of effecting equality of partition.
At the November Term, 1861, partition was decreed and lot No. 6 was assigned by the commissioners to Amelia Smith, subject, however, to a charge of $150.66 in favor of lot No. 1, which was assigned to John S. Hamilton, who now makes this motion. In the allotment the commissioners, in awarding the sum to be paid by lot No. 6 to lot No. 1, used this language: "We do assess the boot before named to be paid or due whenever said dower right of Martha Hamilton shall cease upon the said land." The report of the commissioners was confirmed by decree of the court at February Term, 1862. Martha Hamilton died in 1878. Asher Edwards, who is the respondent in this proceeding, has acquired the title to lot No. 1 by mesne conveyances from Amelia Smith, and is now in possession of it. He has answered the petition of Hamilton by pleading, among other things not necessary to be stated, that the charge upon the land has been paid and that the right to enforce the same is barred by the statute of limitations. So far as it appears he does not *Page 361 
allege actual payment, but simply pleads payment, and relies upon the lapse of time to sustain the plea, that is, he relies both upon the statute of presumptions and the statute of limitations. The pleas are in proper form, and the question is again presented whether the judgment or decree of a court charging one lot with a sum of money to be paid to the owner of another lot, in order to equalize the division of land or for "owelty of partition," can be affected either by the statute of presumptions or the statute of limitations.
The judgment in this case was rendered in 1862, and, but for the provision inserted by the commissioners in their (497) report, which we have quoted, and which, of course, was made a part of the decree when the report was in all respects confirmed (Bull v. Pyle, 41 Md. 421), the right of action to enforce payment of the charge would have been deemed to have accrued prior to August, 1868, if section 168 of the Code had not been repealed by the act of 1891, ch. 113, as to actions begun after 1 January, 1893. This proceeding was begun in 1903. If the right of action had accrued prior to August, 1868, and section 136 of the Code had not been repealed, we think the statute of presumptions would have applied to any proceeding instituted to enforce payment of such a charge upon the land by issuing execution on the judgment. In Ruffin v. Cox, 71 N.C. 253, it is said that certain authorities, which are cited in the opinion, hold that there is no bar, either by the statute of presumptions or the statute of limitations, in such cases, but this is not correct, as a reference to the cases cited will show, and it was not necessary to the decision of that case to pass upon the point. None of the cases cited in Ruffin v. Cox, refer to the question in regard to the statute of limitations or statute of presumptions except the case ofSutton v. Edwards, 40 N.C. 425, which case has been erroneously cited several times since it was referred to in Ruffin v. Cox for the proposition that the statute of limitations is not a good plea in such cases. In Dobbin v. Rex, 106 N.C. 444, the statute did not apply, because the land had already been sold under an execution, and the plea was not available to the party who relied on it, because it came too late. The question was not presented in Wilson v. LumberCo., 131 N.C. 163, as is stated by Clark, J., on page 167; nor did it become necessary to decide it in the case of In re Ausborn,122 N.C. 42, because in that case, as was said by Montgomery,J., for the Court, there had been no decree of confirmation and the statute could not bar, as the right to issue (498) execution, or, in other words, to enforce the payment of the charge, had not accrued, and the statute therefore had not *Page 362 
commenced to run. Those cases were rightly decided and we approve them.
It has been supposed by some that because it was said in one or two of the older cases decided before 1868 that "there is no statutory limitation as a bar by which proceedings of the kind are governed," it followed that lapse of time could not affect the right to issue execution upon such a judgment. This expression was used by Nash, J., in the leading case ofSutton v. Edwards, 40 N.C. 425, at p. 428, but immediately afterwards he explains what is meant, namely, that there was no statute of limitations applicable to judgments at that time, as they were subject only to the statute of presumptions, under and by virtue of which there was a presumption of payment or satisfaction of all judgments and decrees within ten years after the right to enforce them accrued. Rev. Code, ch. 65, sec. 18. He discusses the case with reference to the statute of presumptions, and strongly intimates that it would have defeated the plaintiff's suit but for the fact that the charge rested upon the lot of an infant, and by the provision of the statute the sum charged was not due and payable until he attained his majority.
We must infer from the language of the Court in Sutton v.Edwards that if the sum charged upon the lot of greater value had been due at the time the judgment was rendered, the plea of payment or satisfaction would have been sustained under the statute of presumptions in force at that time. The failure to distinguish clearly between the old law and the new in this respect, or between the statute of presumptions and the statute of limitations, (499) has caused some apparent confusion in the causes upon this important subject, but we think they can all be easily explained and reconciled when this distinction is kept steadily in view, and when each decision is restricted to the particular facts upon which it was based. In In re Walker, 107 N.C. 340, the question was discussed by Merrimon, C. J., who wrote the opinion of the Court, and, while the Court held that prior to 1868 there was no statute of limitations that could operate as a bar in such cases, it strongly intimated that the statute of presumptions applied, though in that case it was found as a fact that the charge upon the land had not been paid or satisfied, and the point therefore was only incidentally presented. But in Herman v. Watts,107 N.C. 646, the question under discussion was directly involved, and the Court held that, as the partition had been made and the charge imposed upon the land prior to 1868, the decree was subject to the statute of presumptions, and that as the plaintiff in the case had failed to rebut the presumption raised by the law, the Court should have instructed *Page 363 
the jury to find in favor of the party who pleaded the payment. It was also held that the proper remedy for enforcing such charges is by execution, formerly by venditioni exponas, to be granted upon motion or petition in the original proceedings. Waring v. Wadsworth, 80 N.C. 345; Turpin v.Kelly, 85 N.C. 399; Halso v. Cole, 82 N.C. 161. It was intimated inRice v. Rice, 115 N.C. 43, and decided in Allen v. Allen, 121 N.C. 328, that the statute of limitations will bar an action or proceeding to enforce payment of a charge by will upon land devised, if sufficient time has elapsed for the purpose.
It having been decided in Herman v. Watts, supra, that the statute of presumptions applied when the decree was made prior to 1868, it necessarily follows that the statute of limitations, which is but a substitute for the statute of presumptions, must now be a valid plea; and if the time fixed by the (500) statute has elapsed, it will be a good and effectual bar to the motion for execution. The two statutes are couched in substantially the same language, the only difference being that one raises a presumption merely of payment or satisfaction, while the other furnishes a complete bar.
We have already seen that the right to move for execution in this case accrued in 1878, according to the terms of the report and decree, as the sum charged upon the land was not due until the death of Mrs. Martha Hamilton (Terrell v. Cunningham, 70 Ala. 100); and even if this provision had not been inserted in the report, the result would not have been different, as the act of 1891 (chapter 113) repealed section 136 of the Code; so that, while the statute of presumptions formerly applied, the statute of limitations now takes its place (Nunnery v. Averitt,111 N.C. 394), provided the action or proceeding was commenced since 1 January, 1893, which is the fact in this case. If either statute therefore applies, it must be the statute of limitations.
We cannot see why the statute should not apply. It is true that the charge rests upon the land alone, and it has been said that the land is the debtor and that there is no personal liability of its owner. But how can this affect the question, one way or another? The statute, whether of presumptions or limitations, operates against the actor or the party who must seek to apply the remedy, and it affects only the remedy. If, therefore, he who has the right to enforce the charge against the land delays in doing so for the time limited by the statute, the bar operates, without regard to the particular nature of the charge or lien which is to be enforced, or even to the form of the remedy. It is a familiar principle that the statute of limitations affects not the right, but the remedy. Besides, so far as the nature of the *Page 364 
lien or charge is concerned, if we consider the matter with (501) reference to that alone, and without regard to the remedy, the case comes not only within the spirit, but within the letter of the statute, which provides that an action on a judgment or decree shall be barred if it is not brought within ten years from the date of the rendition of the same, and this is a motion that an execution be issued upon a judgment or decree. The words of the statute are broad enough to include judgments or decrees in rem, as well as those inpersonam. The charge or lien is created by the judgment, and when the judgment is barred or satisfied, in fact or by presumption, from lapse of time, it is gone, and the charge for owelty, which is merely an incident of it, ceases also to exist.
One question remains to be considered: Does the word "action," which is used in the statute, include a proceeding of this kind, which is a motion for leave to issue execution upon a judgment charging land with the payment of money for equality of partition? We think it does, and it has been so decided. In McDonald v.Dickson, 85 N.C. 248, the question was directly presented, and the Court held that the motion for leave to issue execution was a substitute for the ancient writ of scire facias, and that while the latter in the main was regarded as a continuation of the old suit, it was for some purposes a new action. The defendant is bound by the judgment, of course, as to all matters determined thereby, and as to which he is finally concluded, but to the motion for an execution upon it he can set up any defense which has arisen since the judgment was rendered, and among the defenses so available is the statute of limitations, if a sufficient time has elapsed since the rendition of the judgment to create a bar. In Lilly v. West, 97 N.C. 279, the Court says: "But not less fatal is the objection founded upon the limitation put upon the remedy. The bar is as effectual when it can be interposed by plea or answer to a motion to revive a dormant judgment that execution may issue, as to an independent (502) action upon the judgment itself." This principle has been repeatedly recognized and enforced by this Court.Berry v. Corpening, 90 N.C. 395; Williams v. Mullis, 87 N.C. 159;Johnston v. Jones, 87 N.C. 393; McLeod v. Williams, 122 N.C. 451;Bank v. Swink, 129 N.C. 255. It can make on difference whether section 152 (subsection 1) or section 158 of the Code applies. The result will be the same in either case. The provisions of section 158 are very broad and comprehensive and embrace any and all actions for relief not otherwise provided for in the Code.
The views we have expressed are sustained by decisions in *Page 365 
other States upon statutes similar to ours. R. R. v. Trimble, 51 Md. 99;McQueen v. Fletcher, 22 S.C. 152; Seibert's Appeal, 119 Pa. 517; Terrellv. Cunningham, 70 Ala. 100. Jameson v. Rixey, 94 Va. 342
(64 Am. St., 726), is, in its facts, very much like the one under review, and the Court, in discussing the question involved, reached the same conclusion that we have in this case, and correctly, as we think, differentiated the cases heretofore decided in this Court, and which were cited in the opinion delivered in that case.
The decision of the court below was, in our judgment, free from any error.
No error.
(503)