ROBERT D. FIELD et al. v. JAMES MOODY AND WIFE.

*Action to Recover Land—Claim for Improvements—Arbitration—
Consent Judgment.*

In an action for the recovery of land, the defendants set up a contract to
    convey *bona fide* improvements, which improvements the arbitra-
    tor, to whom this case was referred by consent, making his award
    the judgment of the Court, found to be $75 in excess of the rents
    and a lien on said land : *Held*, (1) that a writ of possession was
    not proper until the terms of the agreement were complied with,
    there being a stipulation in the consent judgment to that effect ;
    (2) that the $75 excess and costs were a lien upon the land under
    said judgment, and under the stipulations thereof, the defendants
    could hold possession until it was discharged.

111—23

This was an ACTION to recover possession of land, heard before *Whitaker, J.*, at the February Term, 1892, of CHATHAM Superior Court, in which the defendants set up a parol agreement to convey, which is denied by the plaintiffs, who plead the statute of frauds.

The following judgment was consented to:

"This cause coming on to be heard before the Court, now the parties being personally present, and represented by their counsel, it is by consent ordered and adjudged that this action is referred to the arbitrament and award of Charles E. McLean, whose award is to be a rule of Court, and who shall have power to award costs, including a reasonable allowance to himself.

"It is further ordered and adjudged that the plaintiffs do recover of the defendants the possession of the lands described in the complaint, and that writ of possession is withheld and not permitted to issue until the determination of the matter submitted to the arbitrament and award of said McLean."

And the following award was filed:

"I, Charles E. McLean, to whose arbitrament and award was submitted the matters in controversy existing between the above-named plaintiffs and defendants, as appears more fully by the order of reference made at May Term, 1891, of Chatham Superior Court, having heard the proofs, allegations, and arguments of counsel of said parties, and having duly examined the matter in controversy by them submitted, do make, publish and declare this my award, in writing, as follows:

"I find that the above-mentioned plaintiffs are indebted to the defendants in the above-entitled action in the sum of seventy-five dollars, the amount of improvements made by defendants, in excess of the rental value of the land in controversy; and I direct and award that the defendants do recover of the plaintiffs the sum of seventy-five dollars-and the costs of this action, including an allowance of twenty dol-

lars to Charles E. McLean, arbitrator, and this is in full of all matters submitted to me.

"Witness my hand, this 16th day of June, 1891.

CHARLES E. MCLEAN."

At Fall Term, 1891, the following judgment was entered:

"This cause having been heard, the Court doth consider, order and adjudge that the same be and is hereby referred to Charles E. McLean, Esq., as arbitrator, to set forth more at length the following facts:

"1. If the improvements were placed on the land in controversy by the defendants.

"2. If, as a conclusion of law, the said land is bound for the payment of the debt found to be due.

"3. As to what costs are chargeable against the plaintiffs.

ROBERT W. WINSTON,
*Judge Presiding.*"

The arbitrator made the following award:

"I, Charles E. McLean, arbitrator, in obedience to an order made by his Honor R. W. Winston, at Fall Term, 1891, of Chatham Superior Court, do make, publish and declare this my amended award, as follows:

"1. The improvements were placed on the land in controversy by the defendants above named.

"2. That the land is bound for the amount found to be due in the original award made by me on the 16th of June, 1891.

"3. All costs of the above-entitled action, including the allowance of twenty dollars to Charles E. McLean, are to be taxed against the plaintiffs, so as to give to the defendants the sum of $75 absolutely.

CHARLES E. MCLEAN,
*Arbitrator.*"

The judgment from which the defendants appealed is as follows:

" This cause coming on to be heard upon the award of the arbitrator, Charles E. McLean, it is adjudged that the defendants, James Moody and wife, recover of the plaintiffs the sum of seventy-five dollars, with interest thereon from June 16, 1891, together with the costs of this action, to be taxed by the Clerk.   And it is further ordered and adjudged, that the plaintiffs have leave to sue out a writ of possession for the lands described in the complaint.

SPIER WHITAKER,<br>*Judge Presiding.*"

The case on appeal is as follows:

This was a civil action, tried before Judge Whitaker, at February Term, 1892, of Chatham Superior Court, upon the motion of the defendants for judgment upon the award as set out in the record.

The plaintiffs withdrew all exceptions to the award.

The defendants tendered a judgment adjudging that the plaintiffs were indebted to the defendants for the excess of improvements upon the lands sued for over and above the rentals of the same in the sum of $75, and for the costs, including the allowance for the arbitrator, and that the said judgment was declared to be a lien upon the said lands.

The Court declined to render the judgment as tendered by the defendants, and the defendants excepted.

The defendants then tendered a judgment, adjudging that the plaintiffs were indebted to the defendants for the excess of the improvements to the lands sued for over and above the rental of said lands in the sum of $75, and for the costs, including the allowance to the arbitrator, and that writ of possession should not issue until the defendants should have received the fruits of their recovery by the payment of said sums by the plaintiffs.

The Court declined to render judgment so tendered by the defendants, and the defendants excepted.

The Court then rendered the judgment set out in the record, to which the defendants excepted for the following reasons:

1. For the failure of the Court to adjudge said indebtedness and costs to be a lien upon the lands sued for.

2. For the failure of the Court to adjudge that writ of possession should not issue until the payment of said sums by the plaintiffs to the defendants.

3. For that the Court adjudged and directed that a writ of possession and execution should issue upon the said judgment.

From the said judgment the defendants appealed.

No counsel for plaintiffs.
*Mr. T. B. Womack* (by brief), for defendants.

BURWELL, J.: There was no exception taken by plaintiffs to the order made at Fall Term, 1891, by which the cause was referred back, for the purposes therein named, to the arbitrator whom the parties had selected, and it is stated in the "case on appeal" that the plaintiffs withdrew all exception to the award. The agreement of the parties to submit the matter in controversy to arbitration contains the stipulation that no writ of possession for the land described in the complaint should be issued "until the determination of the matters submitted to the arbitrament and award of the said McLean." That matter will not be *determined* till the plaintiffs have paid to the defendants the sum which the arbitrator found to be due them for improvements put upon the land while it was held under the parol contract, which the plaintiffs, as they may do, have repudiated. *Herman* v. *Watts*, 107 N. C., 646. Under the agreement of the parties and the award, as well as under the law as set-

tled by the cases of *Hedgepeth* v. *Rose*, 95 N. C., 41, and *Pitt* v. *Moore*, 99 N. C., 85, the plaintiffs should not be allowed to take the property which the defendants have improved, without compensation for the additional value which their improvements have conferred upon the property. The sum found by the arbitrator to be due for improvements, and also the costs of the action, including an allowance to the arbitrator, should be adjudged to be a lien on the land, and, according to the agreement of the parties, no writ of possession should be allowed to issue till these amounts are paid.

There was error. Let the cause be remanded, that proceedings may be had in accordance with this opinion.

Error.