L. W. KEENER v. J. W. DEN.

The right to enforce the specific performance of a contract is vested exclusively in the Superior Court, sitting in term.

The Special Proceedings prescribed in chap. 84, Bat. Rev. for obtaining partition of land between tenants in common, or the sale thereof, when actual partition is impracticable, do not apply to a case where tenants in common have by contract agreed upon terms as to the manner and extent of the partition sought to be made.

SPECIAL PROCEEDING, begun in the Probate Court, and heard upon appeal before *Logan, J.*, at Spring Term 1874, LINCOLN Superior Court.

The plaintiff alleged that in October 1872, he purchased a tract of land sold under a decree of Court, and a deed was executed to him and the defendant as tenants in common.

On the 12th day of November, 1872, the plaintiff and defendant executed an agreement under seal, that the purchase should be a joint one, for the benefit of both parties and that each should pay one half the purchase money, which has been done. In the agreement it was stipulated that a division of said land was to be made according to certain specifications therein set forth. The defendant refuses to make partition according to the provisions of the agreement, which was filed as a part of the complaint but is not necessary here to be stated.

Upon this allegation of facts the plaintiff demanded that commissioners be appointed to partition said land in accordance with the agreement.

The defendant demurred to the complaint, and as ground for demurrer alleged, that the Court had no jurisdiction. The Probate Court overruled the demurer and gave judgment for the plaintiff according to his complaint, and thereupon the defendant appealed to the Superior Court. At Spring Term 1874, the Superior Court overruled this decision, and thereupon the plaintiff appealed.

KEENER v. DEN.

The case was brought up to this Court by *certiorari*, and decided at this term.

*Smith & Strong* and *Cobb*, for appellants.
*J. F. Hoke* and *Shaw*, contra.

SETTLE, J. No Court has the right to violate a contract, nor has the Clerk or Probate Judge the right to enforce the specific performance of a contract; that power is vested exclusively in the Superior Court, setting in term.

The special proceedings prescribed in Battle's Revisal, chap. 84, for obtaining the actual partition of land, between tenants in common, or the sale thereof when actual partition is impracticable, do not apply to a case where tenants in common have, by contract, agreed upon terms, as to the manner and extent of the partition, both for agricultural or mining interests, the location of the dividing fence, the establishment of the lines, the quantity of bottom and high land that each is to receive, and the mode of ascertaining and adjusting any inequality of value of the separate tracts.

In order to enforce such a contract resort must be had to an action for specific performance of which, as we have said, the Clerk has no jurisdiction.

The judgment of the Superior Court is affirmed.

PER CURIAM.                                     Judgment affirmed.