T. R. WARING and others v. J. W. WADSWORTH and others.

*Incumbrance—Equality of Partition—Practice.*

1. The purchaser of mortgaged property subject to a judgment lien, under an agreement that the purchase money shall be first applied to the discharge of the prior incumbrance, must see to it at his peril that it is actually so applied.

2. Charges for equality of partition should be enforced by proceedings *in rem* against the more valuable shares of the land divided, and not by personal judgments against the owners thereof.

MOTION to reform a Judgment made before the Clerk and heard on appeal at Fall Term, 1878, of MECKLENBURG Superior Court, before *Schenck, J.*

The plaintiffs, T. R., Louis, Robert and Virginia Waring were tenants in common of a tract of land, and in 1871, filed an ex parte petition to divide the same, which was done, and into four lots of unequal value. Lot No. 3 was allotted to T. R. Waring; and it being the most valuable was charged with the payment of certain sums to those of inferior value to produce equality. The report in that proceeding was made and confirmed, and judgments entered for the several amounts against T. R. Waring personally.

Subsequently, the part assigned to T. R. Waring was mortgaged by him to the Mecklenburg building and loan association, and upon his default, it was sold by the mortgagee to W. S. Norment for $1,180. The purchaser had notice of said judgments, and was informed at the sale by the attorney of the said association that the proceeds would be applied to their satisfaction before the mortgagee would be paid, and that he would get a good title. A few days after the sale the purchaser paid said attorney the money, and received a deed for the lot from F. H. Dewey, the secretary of said association, to whom the attorney handed the

money, which was deposited in the bank of Mecklenburg, and in a few days thereafter and before it was applied to said judgments, the said bank failed and the money lost. Norment had previously sold the lot to the defendant, Wadsworth, for the amount of his bid, who agreed with the association to release them from all responsibility, they transferring to him all their interest in the money deposited as aforesaid.

T. R. Waring is of full age, and the other plaintiffs were infants represented by a guardian *ad litem*, and the notice of the motion to reform the judgment in behalf of said infants was issued to T. R. Waring, the said association, W. S. Norment and J. W. Wadsworth; it being to strike out the judgment against T. R. Waring personally, and substitute therefor a judgment against the dividend of superior value—lot No. 3.

Thereupon His Honor adjudged that said lot be sold to satisfy the amounts charged against it as aforesaid, that a writ of *venditioni exponas* issue, and a *procedendo* to this effect issue to the clerk of said court, and the defendants appealed.

*Messrs. Jones & Johnston, Shipp & Bailey* and *Hindsdale & Devereux,* for plaintiffs.
*Messrs. Wilson & Son* and *C. Dowd,* for defendants.

ASHE, J. We are of the opinion that the payment of the money arising from the sale of lot No. 3 by the mortgagee, to John E. Brown, the attorney of the Mecklenburg building and loan association, or to F. H. Dewey, the treasurer of said company, was not a satisfaction of the judgments rendered for equality of partition by the clerk of the superior court in the case of T. R. Waring and others; and that the statutory lien is still in force upon the said lot into whosoever hands it may have passed. The case remains in the superior court under the jurisdiction of the clerk, and the

only questions carried by appeal to the judge of the district were, whether the clerk had the power to reform the judgments rendered by him in the case by striking out the personal judgments against T. R. Waring, and entering them against the share, to-wit, lot No. 3, allotted to T. R. Waring, in favor of the other parties respectively—Louis, Robert and Virginia Waring—agreeably to the report of the commissioners, and to issue writs of *venditioni exponas* as applied for, or to issue the writs upon the judgments as entered.

The clerk clearly not only had the power to reform the judgments and make them more regular, and issue the writs upon them as prayed for, but it was his duty so to do; but we think the judgments as they now stand are substantially a compliance with the requirements of the statute.

The judge below may have transcended his power as an appellate court by making the order for the sale of the land, but as it was virtually doing what it was the duty of the clerk to have done, and a *procedendo* was ordered to be issued to him to carry the order into effect, there is no error. Let this be certified to the superior court of Mecklenburg, to the end that a writ of *procedendo* may be issued to the clerk of the superior court of said county, directing him to modify the judgments as prayed for, and issue the writs of *vend. ex.* thereon, or to issue the same writs upon the judgments as they now stand against lot No. 3, as the said Louis, Robert and Virginia may be advised.

No Error.                                        Affirmed.