JOHN P. LEE v. M. H. EURE and others.

*Bankruptcy—Counter-claim—Parties—Judgment Liens Against Land of Deceased Debtor.*

1. In a proceeding under sections 318, 324, C. C. P., to subject the lands of a deceased debtor to sale to satisfy a judgment lien thereon, the vendees in an alleged fraudulent conveyance made by the judgment debtor before the attachment of the lien, are not necessary or proper parties ; and if they have been joined as defendants, the plaintiff may be permitted at any time to enter a nonsuit, or *nol. pros.* as to them, notwithstanding they may have filed answers asserting counter-claims and asking for affirmative relief.

2. These provisions of the C. C. P. not being brought forward in The Code, *all* creditors are now required to seek payment from the personal representative, who will apply the assets according to the respective priorities of the demands.

3. The plea of "discharge in bankruptcy," being a personal defence to be set up by the debtor or his representative, may be withdrawn at any time.

4. The defendant may set up as a counter-claim, any claim in his favor, arising out of the transaction set out in the complaint whether it be tort or contract; but not a tort unconnected with the transaction.

(*Lee* v. *Eure*, 82 N. C., 428; *Bevers* v. *Park*, 88 N. C., 456; *Whedbee* v. *Leggett*, 92 N. C., 469; *Walsh* v. *Hall*, 66 N. C., 233; *Bitting* v. *Thaxton*, 72 N. C., 541; *Hogan* v. *Kirkland*, 64 N. C., 250; *Murchison* v. *Williams*, 71 N. C., 135, and *Mauney* v. *Holmes*, 87 N. C., 428, cited and approved).

This was a PROCEEDING to enforce a judgment lien, heard before *Gudger, Judge,* at Spring Term, 1884, of GATES Superior Court.

There was judgment for the plaintiff, from which the defendants, M. H. Eure, B. L. Sanders and John R. Jones appealed.

The facts are fully stated in the opinion.

*Mr. John Gatling,* for the plaintiff.
*Messrs. Grandy & Aydlett,* for the defendants.

SMITH, C. J.   This action is prosecuted under the provisions contained in sections 318 to 324 inclusive, of C. C. P., by the plaintiff, as assignee of a judgment recovered in the Superior Court of Gates at Fall Term, 1867, by certain infant creditors of William H. Lee, upon which execution issued and was levied on lands of the debtor; and its object, the debtor having since died intestate, is to enforce the lien against his heirs-at-law to whom the lands thus charged have descended.   Previous to the rendition of the judgment the intestate debtor executed a deed, dated in September, 1867, to Mills H. Eure for the same lands, and he has conveyed to Benjamin Sanders.   These parties are alleged to claim under conveyances fraudulent and void, and were made defendants with the administrator and the heirs-at-law of said Lee.   The plaintiff in his complaint demands an adjudication declaring said deeds fraudulent, and that a writ of *venditioni exponas* issue to the end that the said lands be sold and the proceeds applied in satisfaction of his debt.   Pending the action, the defendant Sanders died, and his son and only heir, Benjamin L. Sanders, has been made defendant in his stead.

Among other defences set up, the administrator relies upon an adjudication in the bankrupt court discharging his intestate from his debts, which afterwards, with leave of the court, he was permitted to withdraw.

The incongruous union in one suit of the separate and distinct remedies sought to be administered, the one at law in subjecting the property as still belonging to the debtor, for the payment of his debts by sale under execution—the other in an equitable proceeding to establish the nullity of the deeds, and then sell the land with no cloud upon the title, becoming apparent, the plaintiff, with leave of the court, was allowed to enter a *nolle prosequi* as to all the defendants other than the administrator and heirs-at-law of the debtor, and that all the allegations made as to them, be stricken from the complaint, and this without prejudice to them.

The defendants embraced in this order excepted to this action of the court, the defendant Benjamin L. Sanders, who in his answer had averred an invasion by force of the premises, and his dispossession by the plaintiff since the institution of the suit, to-wit, in November, 1883, and damages thence sustained, for which a counter-claim is set up, insisting on his right to remain a party in the cause and to claim compensation therefor.

There being no other exception, the court gave judgment that execution issue to the sheriff directing him to make sale of all the interest of the deceased debtor subsisting in said lands at the time of his death, for the satisfaction of the plaintiff's judgment.

From these rulings and the consequent final judgment the excluded defendants appeal, and these alone will we consider.

1. We can see no just reason for the appellants' objection to the action of the court in permitting such amendment and correction of the complaint as strips from it the extraneous and needless, if indeed permissible, matters relating to the appellants and their claim of title, and thus making the action simple and single, as a process to consummate what was begun in the debtor's lifetime and interrupted by his death, and appropriate by sale the descended and charged lands to the payment of the encumbering judgment. This reformation in the structure of the complaint, which separates from it the controversies raised with the appellants and severs their connection with the action, can result in no harm which would not have come if the original complaint had been in its amended form, and leaves them equally unaffected by its termination. Every right and claim which they possess under the deeds remains in full force and may be asserted as if they had never been made parties, even without an express reservation. Why shall they be allowed then to obstruct the plaintiff's only means of asserting his claim against the debtor's estate by final process, so as to permit a purchaser to call in question in another action the validity of the debtor's deed as against the debt? And if the title derived thereunder is effectual the appellants have no interest whatever in the issue of the suit.

2. The objection to the withdrawal of the defence resting upon the alleged discharge in bankruptcy is equally unfounded. In the former case between the conflicting claimants—*Lee* v. *Eure,* 82 N. C., 428—it 'is said that "the discharge in bankruptcy is a personal defence to be set up by the debtor or his personal representative; and if, when opportunity is offered, it is not brought forward, the case stands as if it never had been granted." Assuredly as the administrator was at liberty to forego this defence in his answer, so must he be free to recall it when he deemed proper, with leave of the court. Moreover, it is set up in the answer of the defendant Eure, and if available to him, as grantee of the debtor, in like manner as to the heir who may interpose the statutory bar when the descended land is sought to be subjected to a creditor's demand as ruled in the recent case of *Bevers* v. *Park,* 88 N. C., 456, the withdrawal of the defence by the administrator cannot injuriously affect the said Eure, for as to him it remains. The point we are now considering is not the validity of the defence as offered by the grantee, but the effect of the withdrawal of it by the administrator as an objection proceeding from him of which he cannot complain.

3. The appellants further except to the plaintiff's entry of *nol. pros.* whereby they have been prevented from pressing their other matters of defence, and especially the counter-claim of the defendant B. D. Sanders.

The asserted counter-claim is wholly inadmissible. The action is the continued assertion of a right to procure and subject the debtor's lands levied on under a *fieri facias* to the payment of the judgment debt.

Strictly there is no "transaction" between the parties "set forth in the complaint" out of which the defendants' cause of action arises, nor is it in any proper sense connected with the subject of the plaintiff's action. The Code, §244.

The counter-claim is for an independent tort upon land claimed by the defendant Sanders, wholly personal to him, and open to redress in his action against the plaintiff for injury to *his real*

*estate.* The Code does not contemplate the enforcement of such counter-claims, and they are not within its terms. If the plaintiff was seeking to recover the land, it might be otherwise under the decision of *Whedbee* v. *Leggett,* 92 N. C., 469, where the distinction is plainly drawn between the cases where a plaintiff may and may not, at his election, enter a nonsuit as to his own demand, or, for like reasons, enter a *nol. pros.* as to some of the defendants and abandon his claim as to them. But in this case the plaintiff's sole purpose is to secure payment of an adjudged debt out of the debtor's lands upon which the levy has created a lien, and he is pursuing the statutory remedy therefor.

The objection is untenable.

We do not concur in the suggestion of plaintiff's counsel that a tort cannot under any circumstances constitute a counter-claim although "connected with the subject of the action" contained in the complaint. The contrary is decided in *Walsh* v. *Hall,* 66 N. C., 233, and *Billing* v. *Thaxton,* 72 N. C., 541, and it may admit of question whether the counter-claim ought not to exist at the time of bringing the action. *Hogan* v. *Kirkland,* 64 N. C., 250.

The suit having been reduced to the simple form of demanding an order of sale, and after the removal of the appellants from the record as parties, there being no defence, judgment was properly rendered that the writ issue.

The sections in the C. C. P. under which this proceeding was instituted, not being brought forward in The Code indicates the intention of the Legislature to compel all creditors, with or without liens, to seek payment from the personal representatives, who will dispose of all the assets, whether derived from realty or other sources, among the creditors of the deceased according to their respective priorities in the mode pointed out in *Murchison* v. *Williams,* 71 N. C., 135; *Lee* v. *Eure, supra; Mauney* v. *Holmes,* 87 N. C., 428.

There is no error, and this will be certified to the end that further proceedings be had in the court below.

No error.    .                        Affirmed.