J. A. HINES, Adm'r of M. W. HINES, v. J. M. HINES, Ex'r of JOSEPH HINES.

*Devise—Legacy—Election—Executor.*

The testator bequeathed to his son M, "four hundred dollars, to be paid him as follows: Upon the death of my wife, he shall recover forty dollars, and forty dollars annually thereafter, till the payments amount to four hundred dollars. The payments shall be made by my son J. and daughter E., each paying twenty dollars annually, and the property bequeathed to them shall be chargeable with said payments." J. was appointed and qualified as executor. The property devised to E. was delivered to her, and that devised to J. was accepted by him. *Held,*

That the devise to E. and J. was of specific property, encumbered by the legacy to M., and upon the delivery to E. of her share, and the election of J. to take his, the executor was discharged of 'all liability in his fiduciary and representative character, and each became separately liable for a moiety of the legacy to be paid as directed.

(*Biddle* v. *Carraway*, 6 Jones Eq., 95; *Bray* v. *Lamb*, 2 Dev. Eq., 372, distinguished, and *Phillips* v. *Humphrey*, 7 Ired. Eq., 206; cited and approved).

CIVIL ACTION, tried before *Boykin, Judge,* at February Term, 1886, of RICHMOND Superior Court.

Joseph M. Hines died in the year 1865, leaving a will, which was soon after admitted to probate, and therein appointing the defendant John W. Hines one of his executors, who alone accepted the trust, and entered upon the discharge of its obligations. The third item in the will is as follows:

" I bequeath to my son, M. W. Hines, four hundred dollars, to be paid to him as follows: Upon the death of my wife, he shall receive forty dollars, and forty dollars annually thereafter till the payments amount to four hundred dollars. The payments shall be made by said son John M. Hines, and daughter S. Elizabeth, each paying twenty dollars annually, and the property bequeathed to them shall be chargeable with said payment. I make the above bequest to my son M. W. Hines, and no more."

The legatee, M. W. Hines, on September 26th, 1867, died intestate, and letters of administration issued on his estate in May, 1883.

The testator's widow, Sarah C., died on or about October 12th, 1868.

The defendant, John M., the sole acting executor, as a legatee and devisee under the will, received property of the value of several thousand dollars which he still possesses and enjoys.

The legatee, S. Elizabeth, only received, under her father's will, " two beds and furniture, and one mule—all not exceeding in value the sum of one hundred dollars," which property is now worthless, and she herself insolvent.

The issues arising upon the pleadings were confined to the ascertaining how much of the annuity had been paid, and to the fixing of the date upon which the defence, under the statute of limitations, depends, and were not considered. There was judgment for the defendant, and the plaintiff appealed.

*Mr. Frank McNeill*, for the plaintiff.
*Messrs. J. D. Shaw* and *P. D. Walker*, for the defendant.

SMITH, C. J. (after stating the case). We think it clear upon the face of the complaint that no cause of action exists against the defendant in his representative character.

The delivery over to the legatee S. Elizabeth, of the property given her in the will, and her acceptance of it, were on the terms and conditions specified, and imposed upon her a direct personal obligation to pay her moiety of the annuities, without regard to the value of the estate received.

In like manner, the election of the devisee and legatee, John M., to take the estate given him, is a personal assumption of liability, and an undertaking on his part to provide for the payment of the other moiety of the annuities. This was a discharge of his trust under that clause of the will, and he was not required to take any indemnity or security for those money payments before delivering to the legatee, or an election to hold as such himself, the property charged with them.

The testator does not direct the payment "out of his estate," so as to constitute a charge upon all of it, to be carried into effect in the administration by the executor; *Biddle* v. *Carroway*, 6 Jones' Eq., 95 ; following *Bray* v. *Lamb*, 2 Dev. Eq., 372 ; but he disposes of encumbered property, and affixes an inseparable condition to its acceptance, that the recipients shall pay their several parts of the legacy to his son, M. W. Hines.

The case falls directly within the ruling in *Phillips* v. *Humphrey*, 7 Ired. Eq., 206, in which it is held that a testamentary gift of a large amount of real and personal estate to five children, subject to the payment of one hundred dollars by each to Julianna Littleton on her arrival at age, imposed the obligation to see to this payment, not upon the executor, but upon the children.

The defendant who is sued in his representative capacity, is not liable as such, for his trust was discharged upon the change of proprietary right, and the action could be maintainable against him individually, for the recovery of the one half part. The action in its present form is misconceived, as

it is against the defendant, as executor, and seeks to make him responsible for the whole legacy and not his share of it.

There is no error, and the judgment must be affirmed.

No error.                                                    Affirmed.