ROBERT L. RICE v. JAMES P. RICE et al.

*Legacy—Charge on Land—Personal Debt—Statute of Limitations.*

A testator devised a tract of land to his son J., who, the will directed, "shall pay to his brothers, my sons, R. and W. each one-third of $1,300." J. qualified as executor of the will and took possession of the land on the 5th February, 1869, and, as alleged by plaintiff R., made a payment to R. on account on the 31st December, 1876. The plaintiff R. brought suit on January 16, 1894, for the amount due him : *Held* (1), That when J., by qualifying as executor and accepting the devise by taking possession of the land, he became *personally* and *immediately* liable to each of his brothers for one-third of $1,300, each of whom could have maintained an action for the amount due him ; (2) that the action is barred by the three years limitation. Sec. 155 (1) of *The Code ;* (3) that, assuming the plaintiff's cause of action to be a right to enforce a lien or charge on the land, the action is barred by the ten years limitation (Sec. 158 of *The Code*), notwithstanding the alleged payment in 1876.

CIVIL ACTION, tried before his Honor *Jacob Battle,* and a jury, at May Term, 1894, of VANCE Superior Court.

The will of Francis Rice contained the following provision : " It is my desire and intention that at the death of my wife my son John shall have the tract of land on which I now reside, and shall pay to his brothers, my sons, William and Robert, each one-third of $1,300." John Rice, the devisee named, was appointed executor of his father's will, and caused it to be admitted to probate, and qualified as executor thereof on the 1st day of February, 1869. The wife of the testator died in 1861. Robert, one of the sons mentioned in this item, is the plaintiff. The defendants are the heirs at law of John Rice, and the executors of his will, he having died in the year 1892. This action was begun January 16, 1894. Upon the probating of the will of his father, John Rice took possession of the tract of land and held it

until his death.    The defendants now hold it.    The plaintiff alleges that on February 5, 1869, he and his brother John purchased from their brother William all his "right, title and interest" in and to the real estate of their father Francis Rice, and that thus there became due to him under the item of the will set out above $650.    He avers that John Rice made to him a payment on account of his said claim on the 31st of December, 1876.

The purpose of this action is the recovery of the sum named, $650, and interest, less the alleged credit of $100.

Along with other defences, the defendants pleaded the statute of limitations.    His Honor decided that the plaintiff's cause of action was barred, and gave judgment accordingly.    Plaintiff appealed.

*Messrs. A. C. Zollicoffer* and *A. J. Field,* for plaintiff (appellant).

*Mr. T. T. Hicks,* for defendants.

BURWELL, J. (after stating the facts): When John Rice signified, in 1869, his election to accept the devise of land made to him by his father by having the will probated and taking possession of the land thereunder, he became, by the terms of the will, *personally* liable to his brothers Robert and William each for one-third of $1,300.    Immediately upon his taking the land he became debtor to each of his brothers. Each one of them might then have maintained an action against him personally for the sum due him.    *Hines* v. *Hines,* 95 N. C., 482 ; *Aston* v. *Galloway,* 3 Ired. Eq., 126.

Whether by the terms of the will this personal liability assumed by the devisee became a charge or lien on the land or not, is not important in the view we take of the matter.    The case last cited, *Aston* v. *Galloway,* seems an authority to sustain the contention that it did become so.    There was a devise in the will under consideration in that appeal to John Aston

in fee, he paying to two nephews of the testator, as they arrived at the age of twenty-one years, the sum of one hundred pounds each, with the proviso that if it should so happen that the nephews should be of age before the devisee should be in possession of the land, he should not be bound to make the payments to them until two years after his taking possession. The Court said, " It seems to us that the hundred pounds was not intended by the testator to be a personal debt on the devisee only, but it was to arise out of the land after the devisee should get into the possession of the same, and he be able to make it out of the rents and profits, therefore it was a charge on the land." In a former part of the opinion it was said, " We think it was an equitable charge, that is, that in this Court the land is to be regarded as security for it."

In our case there is nothing whatever to indicate that the money that the devisee, by accepting the devise, assumed to pay his brothers Robert and William, was " to arise out of the land " or that he was " to make it out of the rents and profits." Hence there is not here the premise from which in *Aston* v. *Galloway* the conclusion was drawn, " therefore it was a charge on the land."

But however that may be, we have here a right of action against John Rice personally in favor of the plaintiff, accruing in 1869 and suit brought thereon in 1894. If we assume that a payment was made in 1876, and that time is to be reckoned from that date, the cause of action, considered as merely a personal debt of John Rice, is clearly barred, for his liability to pay grows out of a contract implied from his taking the land, and the limitation of *The Code*, § 155 (1), three years, we think, applies to it. And if we consider the plaintiff's cause of action as not merely a personal claim against John Rice but also a right to enforce a lien or charge on his land, the same conclusion must be arrived at, for more than ten years had elapsed between the date of the alleged

payment and the bringing of this action, and that period is a bar to the enforcement of any charge on land, such as this is claimed to be. *1 he Code*, § 158. We can see nothing in the relation of this debtor John Rice to this creditor, the plaintiff, to prevent the running of the statute.

We assume the facts to be as insisted upon by the plaintiff, and upon those facts we adjudge, as his Honor did, that his alleged cause of action is barred by the statute of limitations. Hence it is not necessary to consider the other exceptions taken on the trial.

Affirmed.