SUMNER v. EARLY.

(Filed February 16, 1904).

SPECIFIC PERFORMANCE—*Partition—Tenancy in Common—Juris-diction—Superior Courts—Clerks of Courts.*

Where tenants in common of one tract of land and tenants in common of another mutually agreed that all the lands should be partitioned "as if they held the said lands as tenants in common," the remedy on the refusal of the tenants in common of one of the tracts to carry out the agreement is by suit for specific performance, and not by a special proceeding for partition, the agreement being executory only.

ACTION by J. B. Sumner and others, against B. F. Early and others, heard by *Judge M. H. Justice,* at October Term, 1903, of the Superior Court of HERTFORD County.

This is a civil action in which the plaintiffs aver that on March 4, 1890, the plaintiffs and defendants entered into a written contract, set out in the complaint, whereby the plaintiffs, being the owners as tenants in common of certain lands described therein, and the defendants, being the owners of other lands, mutually agreed that all of said lands should be partitioned, and that they would select three disinterested men to make the partition "as if they held said lands as tenants in common." The terms and provisions of said contract are set forth in detail in the paper-writing which is made a part of the complaint. The plaintiffs allege that the defendants refused to carry out and perform their part of the contract, whereas the plaintiffs have always been ready and willing to perform the contract on their part. They demand judgment that the contract be specifically performed and that partition be made in accordance with the terms thereof. The defendants in their answer admit the execution of the contract, and aver matters in avoidance of the plaintiffs' right to

have specific performance and partition. At October Term, 1903, of the Superior Court of Hertford a jury was duly empanneled to try the issues raised by the pleadings. Whereupon the defendants moved to dismiss the action for that the Court had no jurisdiction. The motion was allowed and the plaintiffs appealed.

*Winborne & Lawrence,* for the plaintiffs.
*Francis D. Winston,* for the defendants.

CONNOR, J., after stating the case. The motion of the defendants is based upon the position that the plaintiffs' remedy for the refusal of the defendants to perform their contract was a special proceeding of which the Clerk had original jurisdiction. If the contract had contained appropriate words of conveyance whereby the parties conveyed to each other the title to the lands described therein as tenants in common, that is, if it were an executed contract, the position of the defendants would have been correct. The contract is, however, executory, and the remedy upon it is for specific performance. If the Court shall, upon a trial of the issues raised by the pleadings, adjudge that the plaintiffs are entitled to a decree, it will in furtherance of the remedy appoint commissioners to make partition and thus give complete relief.

"When the title of a co-tenant is equitable merely, and he is entitled to a conveyance of the legal title, he may by proper pleadings assert his rights and obtain a decree of the Court compelling those in whom the legal title rests to convey according to the partition awarded. But when the sole purpose of the bill is to procure a partition, it will not be granted on the ground that the plaintiff is entitled to a conveyance. He must first, in the same or an independent suit, obtain a decree declaring the right to a conveyance." Free-

man on Co-tenants and Partition, sec. 513. "A partition
of lands among several joint owners will not be made unless
those by whom the partition is sought have a legal title to
the portions claimed by them. A party who has a mere equit-
able right to a conveyance of an undivided interest is not in
a position to ask for a partition." *Williams v. Wiggand,*
53 Ill., 233. In that case it is said that in a bill for specific
performance a prayer may be joined for partition, but when
the sole purpose of the bill is for partition it will not be al-
lowed merely on proof that the complainant is entitled to a
conveyance.

No partition can be ordered until the equitable rights are
determined and adjudged. It is well settled that the Clerk,
in the exercise of his statutory jurisdiction in special pro-
ceedings, may not administer equities or equitable relief.
This jurisdiction is vested solely in the Superior Court in
term. The language of *Mr. Justice Davis,* in *Efland v. Ef-
land,* 96 N. C., 488, is appropriate to and decisive of this
appeal: "Equitable elements exist in this case and involve
questions of law and fact which could not be adjudicated
before the Clerk, and which, under the old practice, would
have been cognizable in a court of equity and is properly a
'civil action' within the definition of *Pearson,* C. J., in *Tate
v. Powe,* 64 N. C., 644." *Pollard v. Slaughter,* 92 N. C.,
72, 53 Am. Rep. 402; *Parton v. Allison,* 109 N. C., 674.

We therefore conclude that the action is properly brought.
The defendants' motion to dismiss should have been denied
Judgment dismissing the action will be reversed and the
Court will proceed to hear and determine the cause upon the
pleadings.

Reversed.