J. A. NEWSOME v. EULA HARRELL ET AL.

(Filed·24 February, 1915.)

1. **Partition—Owelty—Charge Upon Land—Life Tenant—Limitation of Actions.**

    In a division of land by a·voluntary deed of partition among tenants in common, subject to the life estate of another, charging one of the parts owelty in a certain sum, the ten-year statute bars the right of recovery for the charge of owelty upon the land and begins to run during the life estate to which the land is subjected.

2. **Partition—Owelty—Charge Upon Lands—Personal Judgment—Personal Representatives—Parties.**

    Where tenants in common have made a voluntary partition of lands by a division deed, charging one of the shares with owelty, and the owner thereof has since died, devising his lot to his wife, in an action brought to recover judgment for the amount of the owelty and declare the judgment a lien on the land, no personal judgment can be rendered against the defendant or the personal representative of the deceased, and the latter is not a necessary party.

APPEAL by defendants from *Bond, J.,* at Fall Term, 1914, of HERTFORD.

*No counsel for plaintiff.*
*Winborne & Winborne for defendants.*

CLARK, C. J.   This is an action to recover owelty of partition, $350, and that the judgment be declared a lien on the land owned by the defendant.

On 17 December, 1902, the tenants in common divided the land by a voluntary partition into five shares, subject to the life estate of their father, and executed a division deed. The plaintiff drew lot No. 2 and his brother Walter E. Newsome drew lot No. 1, which was to pay lot No. 2 $350 owelty. Walter Newsome died and devised the lot No. 1 to his wife, the *feme* defendant. The life tenant died 1 December, 1907. The defendant pleads the statute of limitations, and the only question before the Court is, "Is the $350 charge barred by the statute of limitations?"

The procedure for enforcing the payment of owelty in a judicial proceeding is by execution. *Ex parte Smith,* 134 N. C., 499; 3 Pell's Revisal, sec. 2495; Laws 1911, ch. 9.

The procedure for enforcing the payment of owelty in partition by agreement is by action in the Superior Court. *Sumner v. Early,* 134 N. C., 233; *Keener v. Den,* 73 N. C., 132.

Proceedings to enforce payment of owelty in judicial partition is barred by ten years statute of limitations. *Ex parte Smith,* 134 N. C.,

495. The existence of a life estate does not prevent the running of interest or the statute of limitations except as to minors. Rev., 2497. *Turpin v. Kelly,* 85 N. C., 399.

Does the ten-year statute bar the collection of the charge when the partition is by agreement? Since it must be collected by action, the ten-year statute bars. Rev., 399. When the sum is a lien or a charge on land, the ten-year statute applies. *Astor v. Galloway,* 38 N. C., 126; *Rice v. Rice,* 115 N. C., 43; *Allen v. Allen,* 121 N. C., 334. The plaintiff was not prevented from bringing this action during the life estate.

If the sum sued for was simply a personal debt, the three years statute of limitations would apply. *Rice v. Rice,* 115 N. C., 43. But this action is to enforce the charge upon the land, and no personal judgment can be rendered against the defendants or the personal representative of Newsome. *Halso v. Cole,* 82 N. C., 161; *Waring v. Wadsworth,* 80 N. C., 345. The personal representative is not necessary in this action to enforce the charge on the land. *Lee v. Eure,* 82 N. C., 428; *s. c.,* 93 N. C., 5.

The headnote *In re Ausborn,* 122 N. C., 42, that the statute of limitations does not run against a charge upon land for owelty in partition, is corrected after full discussion in *Smith ex parte,* 134 N. C., 497.

The plea of the statute of limitations should have been sustained.

Reversed.