CHARLIE COCHRAN v. WILL COLSON ET AL.

(Filed 8 December, 1926.)

**Tenants in Common—Owelty—Judgments—Limitation of Actions—Notice —Parties.**

> Where the commissioners to divide lands held by tenants in common award owelty to one of them to equalize his share with the other, the ten-year statute of limitations begins to run from the confirmation of the report by the clerk, approved by the judge, C. S., 3232, and the fact that the clerk has not docketed the judgment in the seven years, as between the parties having at least constructive notice of the proceedings, does not alone repel the bar of the statute. C. S., 3230, 3231.

APPEAL by plaintiff from *Schenck, J.,* March Term, 1926, of STANLY. Reversed.

Motion for leave to issue execution to enforce payment of owelty of partition. From order of clerk, denying motion, plaintiff appealed to the judge. From his judgment confirming the order of the clerk, plaintiff appealed to the Supreme Court.

*J. R. Price for plaintiff.*
*Brown & Sikes for defendants.*

CONNOR, J. This is a special proceeding for the partition of land located in Stanly County among tenants in common, commenced by summons dated 27 March, 1916, and returnable before the clerk of the Superior Court of said county. The report of commissioners appointed to make partition of said land, pursuant to judgment entered by consent on 18 February, 1918, was duly confirmed on 22 June, 1918. In their report the commissioners directed that lot No. 3, allotted to defendant, Will Colson, should pay to lot No. 1, allotted to plaintiff, Charlie Cochran, the sum of $250.00 to make an equal division. The report and decree of confirmation were duly recorded, as required by C. S., 3231, on 29 January, 1919. Plaintiff and defendant entered into possession of their respective shares and now own same.

On 13 February, 1926, upon motion of plaintiff, supported by affidavit, notice was issued by the clerk, and thereafter served on defendant, requiring him to show cause, if any he had, why execution should not issue to enforce payment of the owelty of partition. Defendant filed answer, and among other defenses, plead the lapse of seven years from the date on which the report of the commissioners was confirmed, to the date on which the charge for owelty of partition was entered on the judgment docket in the office of the clerk of the Superior Court of Stanly County, under the provisions of C. S., 3232. Defendant admitted that no part of the sum of $250 had been paid. He contended that the

judgment for owelty of partition, now duly docketed as provided by statute, was erroneous, or at least irregular, and prayed to be relieved of said judgment on account of excusable neglect, etc.

Upon the hearing the clerk found that the judgment for owelty was not docketed in his office, on his judgment docket, within seven years from the date of the decree of confirmation of the commissioners' report. No facts were found by the clerk with respect to the other defenses set up in the answer and relied upon by defendant. Upon the finding of fact made by him, the clerk entered an order, denying the motion. Upon plaintiff's appeal to the judge, this order was affirmed, without any further findings of fact by the judge. Plaintiff excepted; upon his appeal to this Court his sole assignment of error is based upon this exception.

Plaintiff's right to enforce payment of the owelty of partition accrued at the date when the report of the commissioners was confirmed. *In re Ausborn,* 122 N. C., 43. This right will not be barred until the expiration of ten years from such date, to wit, 22 June, 1918. *Newsome ·v. Harrell,* 168 N. C., 295; *Smith, Ex parte,* 134 N. C., 496. Failure of the clerk to docket the owelty of partition upon his judgment docket, as required by C. S., 3232, within seven years after such date, does not affect the right of plaintiff to enforce payment of the owelty by execution. Compliance with the provisions of the statute is not required to protect the right of a party to a proceeding for partition, in whose favor a charge of owelty has been made by the commissioners, and confirmed by the court, certainly as against a party to the proceeding. It is expressly provided in the statute that the docketing of the owelty charges shall not have the effect of releasing the land from the owelty charged in the special proceeding for partition. Defendant, as a party to the proceeding, is fixed with notice of the charge made in the report of the commissioners and confirmed by the decree of the court. He did not except to the report of the commissioners, or file objections thereto during the twenty days which elapsed from the filing of the report to its confirmation.

It was error to deny plaintiff's motion upon the sole finding of fact made by the clerk. We have examined the affidavits and exhibits filed by defendant on the hearing before the clerk. No facts appear therein which sustain the defenses set up in the answer. The decree of confirmation has not been impeached. There was no mistake, fraud or collusion affecting the report of the commissioners or the decree of the court; the decree is binding between plaintiff and defendant. C. S., 3230, and C. S., 3231.

The judgment must be reversed to the end that an order may be entered by the clerk that execution issue in accordance with plaintiff's motion. It is so ordered.

Reversed.