LOVE THOMAS HUGHES AND HUSBAND, G. E. HUGHES, v. J. R. THOMAS.

(Filed 2 July, 1930.)

**Judgments Q a—In this case held: provision in judgment did not prevent its becoming unenforceable after lapse of over ten years.**

Where the judgment against the defendant provides that it should be a lien on and collectible only out of the amount due the defendant out of the estate of her grandfather, it is a final judgment, and the lien of the judgment immediately attaches to the interest specified and is enforceable against the same, by execution, and where the judgment is docketed in the county where the land comprising the estate of the grandfather is situate more than ten years after its rendition, action to enforce judgment is barred by the ten-year statute of limitations, and it may not be collected out of the share of the defendant of the proceeds of the sale of the estate.

STACY, C. J., and CONNOR, J., dissent.

CIVIL ACTION, before *MacRae, Special Judge.* From SWAIN.

William H. Thomas, Sr., died intestate on or about 10 May, 1893, leaving the plaintiff, Love Thomas Hughes, as one of his heirs at law. The said intestate owned certain land and the *feme* plaintiff by virtue of her relation was entitled to a one-eighteenth undivided interest in and to the estate of said W. H. Thomas. The defendant, J. R. Thomas, qualified as administrator of the estate of W. H. Thomas on or about 30 June, 1895, and thereafter in 1916 the defendant secured a judgment against the plaintiff, Love Thomas Hughes, in the sum of $362.50, which judgment was duly docketed in Jackson County on 10 November, 1916. Thereafter on 21 May, 1929, the defendant secured a transcript of said judgment and duly docketed it in Swain County. Thereafter on or about 3 July, 1929, the plaintiff and the defendant together with other owners of certain land of W. H. Thomas sold the same to the Tallassee Power Company for the sum of $32,500. The plaintiff, Love Thomas Hughes, was entitled to receive out of the proceeds of said land the sum of $1,666.67, but the sum of $659.32 was deducted from her share of said purchase price and paid by agreement to the clerk of the Superior Court of Swain County, to be held pending a suit to test the validity of said judgment for $362.51.

HUGHES *v.* THOMAS.

The plaintiff instituted this action against the defendant alleging that, as the land sold was in Swain County and that as the judgment against her was docketed in said county more than ten years after its rendition, said judgment was not a lien upon her interest in the land and that she was entitled to receive one-eighteenth of the purchase price of said land.

The judgment rendered in November, 1916, against the *feme* plaintiff and in favor of defendant contained the following clause:

"It is further considered, ordered and adjudged by like consent and upon motion as aforesaid, that the defendant, Jas. R. Thomas, have and recover of the relator, Love Thomas (now Love Hughes), the sum of three hundred sixty-two and 51/100 ($362.51) dollars, to be a lien upon and payable out of such interest as she may have or be entitled to in the estate of her grandfather, W..H. Thomas, Sr., and payable only out of any sum which may be due or hereafter become due to her from her interest or distributive share in the said estate."

It is admitted that the judgment rendered in Jackson County in 1916 was not docketed in Swain County where the land was situated until May, 1929. But the defendant contends that the clause in the judgment above quoted prevented the running of the ten-year statute of limitations until the sale of the land.

The trial judge ruled that the defendant was entitled to judgment upon the pleadings. From such judgment the plaintiffs appealed.

*Roberts, Young & Glenn for plaintiffs.*
*J. M. Horner, Jr., for defendant.*

BROGDEN, J. Was the judgment rendered in Jackson County on 10 November, 1916, and not docketed in Swain County until May, 1929, dead when docketed?

If the judgment was dead when docketed in Swain County, then the act of docketing in such county did not breathe into it the breath of life. The defendant, however, contends that the judgment was not a final judgment for the reason that it created a lien "payable out of such interest as she may have or be entitled to in the estate of her grandfather, W. H. Thomas, Sr., and payable only out of any sum which may be due or hereafter become due to her from her interest or distributive share in the said estate." Hence the judgment contemplated a sale of property at sometime in the future and consequently the statute of limitations would not run until such sale.

We do not concur in this reasoning. The record discloses that the judgment purports to be a final judgment. The defendant could have issued an execution upon said judgment at any time. Indeed, it seems

apparent that the judgment was intended to constitute a lien upon the land of *feme* plaintiff exclusively and to be interpreted and construed solely as a charge upon her distributive share. The property out of which the judgment was to be paid was then in existence and subject to execution.

As we construe the judgment, it was a charge upon the interest of said plaintiff in the land, and no more, and it is well settled in this jurisdiction that an action to enforce a charge upon land is barred by the ten-year statute of limitations. *Newsome v. Harrell,* 168 N. C., 295, 84 S. E., 337; *Cochran v. Colson,* 192 N. C., 663, 135 S. E., 794.

We are therefore of the opinion that the judgment was dead when docketed and that the trial judge erroneously rendered judgment for the defendant.

Reversed.

STACY, C. J., and CONNOR, J., dissent.