Civil action to restrain sale under execution issued on judgment for owelty on the ground that the lien of said judgment had been lost by the lapse of time and that sale thereunder was barred by the ten-year statute of limitations.
In the actual division of the lands of the late Ishamel Hyman, Lot No. 2, allotted to Z. H. Hyman, was charged with an owelty of partition in the sum of $700 in favor of Ella Jones. Judgment of confirmation entered 31 January, 1923. Execution was issued on this judgment 16 January, 1933, levy duly made prior to 31 January, 1933, and the land was advertised for sale on 6 March, 1933. Plaintiff, who acquired the interest of Z. H. Hyman in said lot at foreclosure sale in 1931, enjoined the sale on the ground that the lien of said owelty judgment was unenforceable after the lapse of ten years.
From a judgment for plaintiff, the defendants appeal.
It is settled by the decision in Smith ex parte, 134 N.C. 495,47 S.E. 16, that the issuing of an execution on a decree charging owelty in partition is barred by the ten-year statute of limitations. See, also,Newsome v. Harrell, 168 N.C. 295, 84 S.E. 337, and Cochran v. Colson,192 N.C. 663, 135 S.E. 794.
It is likewise settled by a number of decisions, notably Lytle v. Lytle,94 N.C. 683, Lyon v. Russ, 84 N.C. 588, and Pasour v. Rhyne, 82 N.C. 149, that the lien upon lands of a docketed judgment is lost by the lapse of ten years from the date of the docketing, and this notwithstanding execution was begun, but not completed, before the expiration of the ten years. The only office of an execution is to enforce the lien of the judgment by a sale of the lands, and this must be done before the lien is lost. The execution adds nothing by way of prolongation to the life of the lien.
The judgment, therefore, in the instant case is accordant with the decisions.
Affirmed. *Page 268